King v. Kilbride.

JOHN KING vs. WILLIAM B. KILBRIDE & OTHERS.

New Haven & Fairfield Cos., Oct. T., 1889. ANDREWS, C. J., CARPEN-
TER, LOOMIS, PRENTICE and J. M. HALL, Js.

The plaintiff conveyed to *K* a piece of land which he had previously mort-
gaged to *N* to secure a note of $1,100, the deed covenanting against all
incumbrances except this mortgage, and containing a covenant of war-
ranty "against all claims and demands whatsoever." *K* mortgaged
back the same land to secure a note of $1,500, the deed containing pre-
cisely the same covenants, and he agreeing orally to pay the $1,100
mortgage as a part of the price. *K* afterwards sold a portion of the
land to *W*, who bought in good faith and paid a full price, with no
notice of *K's* agreement to pay the $1,100 mortgage, except so far as
the deeds on record were to be regarded as giving such notice. The
plaintiff, in order to protect his second mortgage, purchased of *N* his
own note and mortgage to him for $1,100, and took an assignment of
them. As such assignee he brought a suit for foreclosure of that mort-
gage and for possession against *K* and *W*. Held—

1. That the fact that the plaintiff in his deed to *K* had specially excepted
the $1,100 mortgage from his covenant against incumbrances, did not
by implication carry such an exception into his covenant of warranty.

2. That the plaintiff therefore could not have a judgment of foreclosure and
possession against *W*, as he had warranted the title against all demands.

A warranty is not necessarily an undertaking that there is no incumbrance
on the land at the time, but that the purchaser and his assigns shall
not be evicted by means of any prior title.

A judgment for the possession would clearly be such an eviction.

A mortgagor had given the following note:—" June 29, 1887. On the first
day of August, 1887, I promise to pay to the order of J. K. the sum of
eighteen dollars, and thereafter the further sum of eighteen dollars on
the first day of each succeeding month until the entire sum of fifteen
hundred dollars shall have been paid. Any fraction of said sum to
complete said entire sum to be paid together with the last payment,
with interest at six per cent per annum, payable semi-annually, upon
such sum as shall be due. The maker reserves the right to make pay-
ments upon this note at any time and to any amount in excess of said
eighteen dollars per month. Value received." (Signed.) This note
was described in a mortgage given to secure it as follows:—" The con-
dition of this deed is such, that whereas the said grantor is justly in-
debted to the said grantee in the sum of fifteen hundred dollars, as
evidenced by his promissory note of even date herewith, payable to
said grantee or order as therein appears, with interest at six per cent
per annum, payable semi-annually; now therefore, if said note shall
be well and truly paid according to its tenor, then this deed shall be

void, otherwise to remain in full force and effect." Held to be sufficiently described.

[Argued October 24th—decided December 9th, 1889.]

Two suits for foreclosure between the same parties upon two mortgages; brought to the Superior Court in New Haven County, and heard together before *Fenn, J.* A single finding of the facts was made in the two cases and a decree was passed for the plaintiff in both cases, but in one of them for less than the amount claimed. The plaintiff appealed in the last mentioned case, and the Fountain Water Company, a defendant in both cases, appealed in both. The facts are sufficiently stated in the opinion. The cases were argued together in this court.

*H. L. Hotchkiss* and *C. J. Atwater*, for the plaintiff.

1. The court should have held the Nelson mortgage wholly an incumbrance on the ten acre tract as against the Fountain Water Company as well as the other defendants, instead of apportioning it between the two pieces. It stood on record as an incumbrance on the ten acre tract. It was referred to as such in the deed from King to Kilbride and in the mortgage back from the latter to the former. The deeds on record were of course constructive notice of all they contained. *Hunt* v. *Mansfield*, 31 Conn., 488; *Lewis* v. *Hinman*, 56 id., 55. Even the existence of this mortgage on the two tracts uncanceled was sufficient to put a purchaser on inquiry, even though it was not mentioned in the King and Kilbride deeds. *Gilbert* v. *Bulkley*, 5 Conn., 262; *Bolles* v. *Chauncey*, 8 id., 389; *Hunt* v. *Mansfield, supra.*

2. But the Water Company says that in the deed from King to Kilbride, though it is stated that this tract is subject to the $1,100 mortgage, yet King warranted against it, and that therefore they could rest there, and King is precluded as against them. To this we reply that though King's reliance on Kilbride's attorney in drafting the deeds cannot protect him as against innocent purchasers without notice, yet the Water Company cannot stop at this point in the records,

There was a later deed from Kilbride to King of the same premises, namely, the mortgage deed back for $1,500, and in that deed the $1,100 first mortgage incumbrance is stated, and Kilbride warrants against it. By what method can they say that King is estopped by his warranty to Kilbride, but that Kilbride (their grantor) can utterly ignore his warranty to King? It was a defeasance to King's warranty. *Taylor* v. *Weld*, 5 Mass., 109; *Brown* v. *Dewey*, 1 Sandf. Ch., 65, and cases cited; *Isham* v. *Morgan*, 9 Conn., 379, and cases cited. In such cases the last transaction should govern. The fact of its being a mortgage deed could not affect the covenants or warranties. *Cross* v. *Robinson*, 21 Conn., 379. How can Kilbride give the Water Company any better title than he had himself, when the records showed he had warranted King against this mortgage? *Sanford* v. *Hill*, 46 Conn., 42; *Pitman* v. *Conner*, 27 Ind., 337. But if there was a doubt the Water Company was bound to inquire, and was chargeable with the knowledge that such inquiry would have produced. *Peters* v. *Goodrich*, 3 Conn., 146; *Sigourney* v. *Munn*, 7 id., 324; *Booth* v. *Barnum*, 9 id., 286; *Blatchley* v. *Osborn*, 33 id., 226; *Craft's Appeal*, 42 id., 146; *Mead* v. *N. York, Hous. & Northern R. R. Co.*, 45 id., 199; *Lewis* v. *Hinman*, 56 id., 55; *Gibson* v. *Winslow*, 46 Penn. St., 380; *Converse* v. *Blumrich*, 14 Mich., 109; *Parker* v. *Kane*, 4 Wis., 1; *Tuttle* v. *Jackson*, 6 Wend., 213; *Sterry* v. *Arden*, 1 Johns. Ch., 261; *Price* v. *McDonald*, 1 Md., 403; *Buchanan* v. *International Bank*, 78 Ill., 503.

3. The description in the mortgage in the second case, of the debt intended to be secured by it, is sufficient. *Winchell* v. *Coney*, 54 Conn., 24. See also *Stoughton* v. *Pasco*, 5 Conn., 442; *Crane* v. *Deming*, 7 id., 388; *Hubbard* v. *Savage*, 8 id., 215; *Booth* v. *Barnum*, 9 id., 286; *Merrills* v. *Swift*, 18 id., 257; *Lewis* v. *DeForest*, 20 id., 428; *Utley* v. *Smith*, 24 id., 290; *Hough* v. *Bailey*, 32 id., 288.

*W. H. Williams* and *E. B. Gager*, for the Fountain Water Company.

1. King executed a warranty deed to Kilbride, in which

he covenanted that the property was free of all incumbrances except a mortgage of $1,100. Then he covenanted to warrant and defend the property against all claims whatsoever. Does the exception of the $1,100 mortgage in the covenant against incumbrances extend to and qualify the absolute warranty so that by implication this mortgage is excepted from the warranty? We contend that it does not. There is no ambiguity in King's deed, nor is there any inconsistency in its several parts, and the terms appear reasonable. The consideration is real, $1,600, and not nominal merely. Among the various covenants in our warranty deeds is one against incumbrances, which goes to the state of the title. Now there was in fact this incumbrance of $1,100, so that in describing the title truly this was properly excepted. After the covenant relating to incumbrances comes a new and distinct contract and covenant on King's part, the warranty, and this is absolute. It is perfectly consistent with the rest of the deed, for it might very well be that King, who was personally liable for the note of $1,100, should say to Kilbride, "Pay me the value of the land and I will protect you against this mortgage. I prefer to do this, for then I shall discharge my liability myself. It is an incumbrance on the land, but I will take care of it." Effect is to be given to all the covenants of the deed if possible. If the warranty does not cover the $1,100 then it has no force. We must take King's contract as he chose to make it, on the records. Whatever arrangement was verbally made between King and Kilbride is nothing to us, for we knew nothing of it, nor would it matter if we did. *Hubbard* v. *Norton*, 10 Conn., 422; *Harlow* v. *Thomas*, 15 Pick., 66; *Flynn* v. *White Breast Coal & Mining Co.*, 72 Iowa, 738. By the plain meaning of the deed on its face, giving force to each distinct covenant, King warrants against the $1,100 mortgage. The leading American case on this subject is *Estabrook* v. *Smith*, 6 Gray, 572, in which it is held that "by a deed of land, containing a covenant against all incumbrances except a certain mortgage to a third person, followed by a general covenant to warrant and defend, the

mortgage is not excepted from the latter covenant, and the grantor is liable for an eviction by the mortgagee." This case is cited and approved as good law in 3 Washb. Real Prop., 672, Rawle on Cov. for Title, 508, and 1 Jones on Mortgages, § 735. See also *Hubbard* v. *Norton, supra; Sumner* v. *Williams*, 8 Mass., 162; *Harlow* v. *Thomas*, 15 Pick., 66; *Rowe* v. *Heath*, 23 Tex., 614; *Duvall* v. *Craig*, 2 Wheat., 45; *Howell* v. *Richards*, 11 East, 633; *Smith* v. *Compton*, 3 Barn. & Adol., 189; *Kean* v. *Strong*, 9 Irish Law R., 74.

2. It is made a ground of appeal that the Water Company did not use due diligence to ascertain the facts with regard to the relations of the plaintiff and Kilbride in the matter. But it was under no obligation to inquire after any parol agreement between these parties. It was under obligation to examine the records and find how the incumbrances stood, and this was, as we have already seen, that the $1,100 mortgage covered both tracts of land, precisely the state of things on which the decree complained of was based. In connection with all the reasons of appeal relating to notice and inquiry, it is to be remembered that the Water Company is in no way affected by any agreement between King and Kilbride not disclosed by the record of the deeds; that the Water Company is a purchaser in good faith for full value, and that it had a right to rely on the record title; and that this record disclosed a state of facts which, as the Water Company claims, left the $1,100 mortgage only as a cloud on the title, King having warranted against it, or at most, as the court below construed it, an incumbrance chargeable on the first tract, on which the foreclosure is brought.

3. In the second suit the description of the note in the condition of the mortgage is both insufficient and erroneous. The note is peculiar. It is for the payment of certain instalments of $18 each at intervals of a month, until the whole amounts to $1,500. The last instalment has about seven years to run. The note amounts to a series of notes for $18 each on times certain, for there is no provision that on default in any payment the whole shall become due.

Yet the condition describes it as a single note for $1,500. This is a misdescription of the note. We are told to look for a $1,500 note. Should we expect to find an obligation to pay eighty-three instalments or notes? The time and manner of payment, as described in the condition, are to be "as therein appears." This is no description at all, for any time and manner of payment would satisfy this description. There is nothing whatever here by which to indentify the note. The note itself is explicit enough. It provides eighty-three times of payment. Again, the note is described in the condition as "with interest at six per cent. per annum, payable semi-annually." But when we turn to the note we find that it is "with interest at six per cent. per annum, payable semi-annually, upon such sum as shall be due." By the note interest is not payable on the several instalments until they become due. By the condition it is payable from date. It is well settled that a mortgage should show what the debt intended to be secured is, with such certainty that no other note could fraudulently be substituted for it, and so that it shall give notice to all the world just what the debt is. *Pettibone* v. *Griswold*, 4 Conn., 58; *Hart* v. *Chalker*, 14 id., 77; *Merrills* v. *Swift*, 18 id., 257. In the recent case of *Winchell* v. *Coney*, 54 Conn., 24, in which the description was held sufficient in spite of a slight variance, the court say that the object of the condition is "to indentify the note or debt secured by the mortgage and give reasonable notice of the extent of the incumbrance."

ANDREWS, C. J. These are two actions between the same parties brought on separate mortgages and each claiming a foreclosure and the possession of the same land. It appears that on the first day of June, 1887, the plaintiff owned two tracts of land, one containing ten acres and the other, his homestead, containing one acre. On that day he mortgaged both pieces to Thomas A. Nelson to secure his note for $1,100, payable to said Nelson, or order, on demand, with interest. On the 29th day of the same month he sold and conveyed the ten acre piece to Wm. B. Kilbride, by a

deed in which the covenant against incumbrances and the covenant of warranty were as follows :—" And that the same is free from all incumbrances whatsoever, except a certain mortgage to Thomas A. Nelson dated June 1st, 1887, for $1,100. And furthermore I, the said grantor, do by these presents bind myself and my heirs forever to warrant and defend the above granted and bargained premises to him the said grantee, his heirs and assigns, against all claims and demands whatsoever." On the same day Kilbride mortgaged the same land to the plaintiff to secure the sum of $1,500 by a deed in which the covenants were identical with the covenants in the plaintiff's deed to him. Kilbride orally agreed to assume and pay the note to Mr. Nelson as a part of the payment for the land. He went into immediate possession of the land so conveyed to him, and on the 15th day of August following conveyed a portion of it to the Fountain Water Company, by a deed containing all the covenants without any exception. All of these deeds were put upon record at once.

It is found that the Water Company had no notice, actual or constructive, of the oral agreement by Kilbride to pay the Nelson mortgage, except so far as the recording of the deeds is such notice. And it is also found that the Water Company took its deed in good faith and paid full value for its land.

The plaintiff has remained ever since the owner and in possession of the homestead. Kilbride proved to be insolvent and left the premises. And the plaintiff on the 27th day of October of the same year, in order to protect his second mortgage interest in the ten acre tract, purchased of Mr. Nelson the note and mortgage which he had previously given to him, and Mr. Nelson thereupon transferred and assigned to the plaintiff, by a proper release deed, all his right, title and interest in the note and mortgage, and the same are now the property of the plaintiff.

The first action is brought by the plaintiff as assignee and holder of his own note to Mr. Nelson, and in the complaint he claims a foreclosure of the ten acre piece, with possession

of the same, unless the Water Company or Kilbride shall
pay the whole amount due on that note. The defense in
this action sets up, among other things, the covenant of war-
ranty contained in the plaintiff's deed to Kilbride. The
reply to the defense is a denial. The judgment apportions
the debt between the two pieces of land mortgaged by the
plaintiff to Mr. Nelson according to their value, and decrees
a foreclosure of the ten acre piece unless the defendants or
one of them shall pay the sum of $556.20, and grants execu-
tion in ejectment if the money is not paid within the time
limited. From this judgment the plaintiff and the Foun-
tain Water Company both appeal. The plaintiff's reasons
of appeal are that the court erred in not requiring the de-
fendant to pay the whole of the Nelson note. The second
and third reasons of appeal of the Water Company are in
substance that the court erred in holding that the plaintiff
was entitled to maintain the suit notwithstanding his cov-
enant of warranty.

It appears from the finding that the plaintiff did make the
covenant of warranty as alleged by the defendants and as
appears by his deed, portions of which are recited above.

The covenant of warranty is a contract by which the grantor
of land undertakes to protect the land granted from all lawful
claims and demands existing at the time of the grant, and the
contract is made not only with his immediate grantee but
with whomsoever may become the owner of the land by a
title derived through the grantee. *Booth* v. *Starr*, 1 Conn.,
244; *Mitchell* v. *Warner*, 5 Conn., 498; Rawle on Covenants
for Title, (4th ed.,) 334; 3 Washburn's Real Property,
(4th ed.,) 466; 2 Sugden on Vendors, (Perkins's ed.,) 240.
It is not necessarily an undertaking that there is no incum-
brance on the land at the time, but it is an undertaking that
the purchaser and his assigns shall at all times enjoy the
land free from all such incumbrances. *Williams* v. *Wether-
bee*, 1 Aiken, (Vt.,) 233; Rawle on Covenants (4th ed.,)
215; *Whitney* v. *Dinsmore*, 6 Cush., 124; *Russ* v. *Steele*, 40
Verm., 310.

Of this covenant any act tantamount to an eviction of the

grantor would be a breach and subject the grantor to dam-
ages.  As if the grantee should upon demand yield the
possession to one having a better title; *Sterling* v. *Peet*, 14
Conn., 245; or surrender to a mortgagee by a prior deed.
*Hamilton* v. *Cutts*, 4 Mass., 349; *Sprague* v. *Baker*, 17 Mass.,
586.  A judgment in ejectment would clearly be such an act.

The judgment of foreclosure and ejectment requires of the
defendants a payment of money to their own grantor, and
upon their failure to do so authorizes him to evict them;
that is—to do the very act which he has covenanted with
them shall not be done by any one.  Such a judgment must
be erroneous.  And this judgment is erroneous unless there
is in the case something by which the plaintiff is relieved
from the obligation of his warranty.  Is there any such
thing?

So far as the Water Company is concerned the oral agree-
ment by Kilbride to pay the Nelson note may be laid out of
the case.  It is found that the company had no notice of
that agreement except so far as the record of the deed is
actual or constructive notice.  The record disclosed an ex-
press covenant by the plaintiff to protect the defendants in
their possession of the land against all claims and demands
whatsoever.  When there is an express contract in writing
respecting any matter there can never be an implied one in
addition to it.  *Brown* v. *Fales*, 139 Mass., 21.  Still less can
there be any implication contrary to the writing.  *Burnes*
v. *Scott*, 117 U. S. R., 582; *Allen* v. *Rundle*, 50 Conn., 9.

It is claimed by the plaintiff that the Nelson mortgage was
excepted out of the covenant of warranty in his deed to Kil-
bride; that the exception of it from the covenant against
incumbrances ought to be construed as an exception of it
from the covenant of warranty.  This is really an argument
the other way.  That an exception was made from one cov-
enant in a deed is an argument that no exception was intended
from any other.  It shows that the attention of the grantor
was called to the matter of making exceptions and that pre-
sumably he made all the exceptions he desired to.  The
principle applicable is found in the maxim that the express

mention of one person or thing is the exclusion of others. Besides, these covenants are distinct and have reference to different kinds of liability. A man may not choose to guarantee his title generally, and yet may readily undertake that his grantee shall not be disturbed. 2 Sugden on Vendors, (Perkins's ed.,) 281; *Howell* v. *Richards*, 11 East, 633, 643; *Estabrook* v. *Smith*, 6 Gray, 572.

It is further urged that the covenant of warranty in Kilbride's mortgage deed to the plaintiff operates in some way to prevent the Water Company from taking anything under the plaintiff's covenant of warranty in his deed to Kilbride. How it has this effect is not shown. The Water Company is not in privity with either of the parties as to that covenant. That is a matter between other persons by which it can neither be harmed nor helped. Certainly the plaintiff cannot be discharged from his covenant to the Water Company because some one else has warranted the same land to him.

The equitable doctrine of notice so strongly urged and apparently so much relied on by the plaintiff seems to us to have no application in the case. It is not a question here of notice, but whether or not the plaintiff shall keep his covenant. It cannot be denied that the Water Company had notice that the Nelson mortgage covered the ten acre piece of land. It had notice of every thing which appeared on the record. By the same record from which the company derived such notice it learned that the plaintiff had covenanted to warrant and defend that very piece of land from *all* claims and demands, not excepting the Nelson mortgage. If there was any defect or uncertainty in the notice which the record gave it was because the plaintiff was himself wanting in care in not making his deeds more specific. He is invoking the doctrine of notice. He ought not to expect others to obtain more knowledge from his deeds than he put into them. He certainly cannot take any advantage from his own omissions. He is the one to be bound by the notice given rather than the Water Company by the notice received, if there is any difference; especially as it is more than likely that the Water

Company bought its land relying on his warranty and upon his ability as well as on his willingness to fulfill it.

There is error in the judgment and it is reversed so far as it is against the Fountain Water Company.

In the second suit a foreclosure and the possession of the same ten acre piece is claimed unless the defendants or one of them shall pay the instalments due on Kilbride's note to the plaintiff and secured by his mortgage deed of the 29th day of June, 1887. The court ascertained the amount due on the note the day judgment was rendered to be $46.44, and decreed a foreclosure unless the same was paid, together with a judgment in ejectment to be enforced on failure of payment at the expiration of the time limited. The Water Company appealed from this judgment on the ground that the indebtedness sought to be secured by the mortgage was not sufficiently described in it.

We think there is no error. The judgment in this case is fully sustained by the reasoning in the very recent case of *Winchell* v. *Coney*, 54 Conn., 24, which is applicable to this case ; reasoning which we have no need to repeat and no disposition to change.

In this opinion the other judges concurred.

NOTE.—The point decided in the last paragraph of the opinion will not be understood without a statement of the facts upon which the question of the insufficiency of the description of the mortgage debt in the complaint is made. In the complaint the debt is thus described:—

"On the 29th day of June, 1887, the defendant, William Kilbride, owed the plaintiff fifteen hundred dollars, as evidenced by his note for fifteen hundred dollars, payable in monthly installments of eighteen dollars each, the first installment being payable August 1st, 1887, and thereafter on the first day of each succeeding month till the entire sum be paid, with interest at six per cent., payable semi-annually, on such sum as should be due ; reserving the right to make any payment on said note, of more than eighteen dollars, at his option."

The note was as follows:—

"SEYMOUR, June 29th, 1887.

"On the 1st day of August, 1887, I promise to pay to the order of John King the sum of eighteen dollars, and thereafter the further sum of eighteen dollars on the first day of each succeeding month until the entire sum of

fifteen hundred dollars shall have been paid; any fraction of said sum to complete said entire sum of fifteen hundred dollars to be paid together with the last payment, with interest at six per cent, per annum payable semi-annually upon such sum as shall be due. The maker of this note hereby reserves the right, which is granted to him by the payee, that he shall have the right to make payments to any extent upon this note at any time and to any amount in excess of said eighteen dollars per month. Value received." (Signed.)