THEODORE R. CONVERSE, RECEIVER, *vs.* THE ÆTNA
NATIONAL BANK.

THEODORE R. CONVERSE, RECEIVER, *vs.* THE FIRST
NATIONAL BANK OF SUFFIELD.

First Judicial District, Hartford, March Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and CASE, Js.

On remanding a cause whose merits have been determined by this
court upon demurrer, it becomes the duty of the trial court to
render judgment accordingly, if the pleadings remain unchanged.

A judgment based in terms upon one only of several grounds of de-
    murrer is not erroneous if any of the grounds set up is well taken.

Argued March 6th—decided March 15th, 1907.

ACTIONS brought to the Superior Court for Hartford
County by a Minnesota receiver against a national banking
association, as a shareholder in a Minnesota corporation, to
collect an assessment made against the respective defend-
ants and other shareholders in the latter by a Minnesota
court, under the Minnesota statute imposing a double lia-
bility on shareholders of an insolvent corporation.    A judg-
ment was originally rendered in each case for the plaintiff,
after overruling 'a demurrer to the complaint.   On appeal
this judgment was reversed (79 Conn. 163) and the cause
remanded for further proceedings.   The Superior Court
thereupon sustained ( *Gager, J.*) the demurrer on the third
ground set up in it, and gave judgment for the respective
defendants.   *No error in either case.*

*William Waldo Hyde*, with whom was *Charles Welles
Gross*, for the appellant (plaintiff).

*Charles E. Searls* and *Gardiner Greene*, for the appellee
(defendant).

BALDWIN, C. J.   The demurrer to the complaint sets up
four grounds of attack: (1) that the plaintiff, suing as a
foreign receiver, has no *locus standi* in our courts ; (2) that
the Minnesota order of assessment was made in an action
to which the defendant, being a nonresident, had not been
made a party, and by a court having no jurisdiction over
it ; (3) that the statute of Minnesota under which the as-
sessment was made was not enacted until after the defend-
ant had become a shareholder in the Minnesota corporation,
and was therefore as to the defendant inoperative and void,
since it would, if operative against it, greatly increase its
liability for the debts of the Minnesota corporation, beyond
that existing when it acquired its shares therein, and would

impair the obligation of its contract as a shareholder, and so violate Art. I, § 10, of the Constitution of the United States; and (4) that the complaint neither shows that the indebtedness of the insolvent corporation, on which was founded the judgment of the creditor on whose suit the receiver was appointed, was contracted, nor that the suit resulting in said judgment was brought, after the enactment of said statute.

This court, when the cause was previously before it (79 Conn. 163, 171, 176, 64 Atl. 341), determined that the statute of Minnesota, on which it is based, purported to enlarge substantially the contractual liabilities previously owed by the defendant, and to subject it to a burden which it had never assumed; that this defense was open to it, notwithstanding any of the proceedings in Minnesota; and so that the demurrer to the complaint should have been sustained by the Superior Court. On remanding the cause, it therefore became the duty of that court (no change in the pleadings having been made) to enter a judgment sustaining the demurrer. *Clarke's Appeal*, 70 Conn. 483, 40 Atl. 111.

Such a judgment was accordingly rendered, and while in terms based simply on the third ground of demurrer, it is not erroneous if any one of the four grounds that are set up is well taken. *British American Ins. Co.* v. *Wilson*, 77 Conn. 559, 564, 60 Atl. 293. Any further examination of the first, second, and fourth grounds, however, is unnecessary, in the view which we have taken of the fundamental merits of the defense.

The judgment appealed from in the case of Converse, Receiver, v. The First National Bank of Suffield is governed by and conforms to the opinion of this court rendered in the companion case of *Converse* v. *Ætna National Bank*, 79 Conn. 163, 64 Atl. 341.

There is no error in either case.

In this opinion the other judges concurred.