WILLIAM BECKERLE *vs.* THE CITY OF DANBURY.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Although the defenses of an answer are improperly repetitious, that fault will not be considered on demurrers directed to the substance of the defenses themselves.

A judgment for defendant must be sustained if any one of the several defenses demurred to is sufficient.

Any invasion of the legal rights of a riparian proprietor constitutes a cause of action, although the damage may be merely nominal.

The right to compensation for property taken under condemnation proceedings may be waived by giving consent to the taking.

In this case a lower riparian owner sued for damages and an injunction for the diversion of the waters of a stream from his mill by a city for the use of its waterworks. One defense of the city to which the plaintiff demurred, justified the taking and use of the water under an Act of the legislature, and alleged it was beneficial to the plaintiff and was taken with his consent. *Held* that as the demurrer admitted the diversion was with the plaintiff's consent, he had no cause of action.

The complaint also alleged that the city threatened and intended to increase the diversion, but did not allege that the increase in itself would cause irreparable damage. *Held* that an injunction would not be granted against the threatened increase.

As a rule an injunction will not be granted to prevent a threatened trespass which does not involve irreparable injury, the quieting of possession, or jeopardy to the inheritance.

Argued June 5th—decided July 30th, 1907.

ACTION to restrain the diversion of the head waters of Still River in Danbury above the plaintiff's grist-mill, and to recover damages therefor, brought to and tried by the Superior Court in Fairfield County, *Robinson, J.*, upon the plaintiff's demurrer to the defendant's answer; the court overruled the demurrer and afterward rendered judgment (*Reed, J.*) for the defendant, from which the plaintiff appealed. *No error.*

*James E. Walsh* and *Henry A. Purdy*, for the appellant (plaintiff).

*J. Moss Ives*, for the appellee (defendant).

THAYER, J. The complaint alleges, in substance, that the plaintiff owns a tract of land with a grist-mill thereon, and water privilege connected therewith consisting of the right to pond and use the waters of Still River which flows through the premises; that the river, which has its sources in a number of small streams, most of which rise some distance north and west of the defendant city, flows through the city to the land of the plaintiff; that the plaintiff is entitled to the natural flow of the waters of the river to his said premises, and that the defendant, since 1889, has wrongfully used and maintained a waterworks plant consisting of dams, pumping plant, reservoirs and pipe lines connected with the branches, sources and tributaries of said river, whereby the defendant has diverted large quantities of water from said sources and tributaries to its own use and distributed it among its inhabitants to be used for divers manufacturing and mechanical purposes, for sprinkling streets and grounds, and for other purposes unknown to the plaintiff, and is intending and threatening to greatly increase the diversion of the waters of said river by means

of pipes, drains and conduits, and that by reason of the maintenance of said waterworks, and such diversion and use of the water, a great portion of the water which otherwise would have found its way to the plaintiff's mill is caused to be dissipated into the air, absorbed by the earth and elements, and diverted from said river, and thereby prevented from flowing to the plaintiff's mill, to his loss and injury.

The answer contains numerous defenses, wherein the same facts are set up as matter in avoidance, in mitigation of damages, and as answers to the claims for equitable relief. The answers are improperly repetitious, but it is unnecessary to consider these features, as the demurrers were not directed to them but to the substance of the answers themselves.

As the plaintiff refused to plead over after the demurrers were overruled, if any one of the defenses demurred to was sufficient, the judgment for the defendant must be sustained. *Converse* v. *Ætna National Bank*, 79 Conn. 603, 605, 65 Atl. 1064.

The second defense as a bar to the plaintiff's action, alleges that the defendant constructed the waterworks mentioned in the complaint, and has used the waters from said reservoirs, dams and pumping works, under authority of an Act of the legislature empowering it to do so ; that during all the time complained of it has used only a small portion of the waters, and only in such quantities as the necessity and convenience of the city required for domestic, fire, sanitary and cleansing purposes, as contemplated in said legislative Act ; that by its said reservoirs it has stored up large quantities of water during the winter and early spring, when said river is high and the water supply therein abundant, and has discharged so large a proportion thereof back into said river in the summer months, when the natural flow is small, and has each year daily discharged from its pipes such large quantities of water, that the continuing steady flow and supply of water in the river below the city available for milling and other purposes is helped

by said action of the city; that this storing and using of the water by the city as a riparian owner was done with the full consent and knowledge of the plaintiff, and that such use of the water was reasonable and did the plaintiff no damage. The grounds of demurrer to this defense chiefly insisted on, are that the legislative Act referred to could not, and did not, authorize the defendant to take and use the water as set forth in the defense without compensating the plaintiff therefor, and that the defendant is not a riparian proprietor; and so, although the use stated was reasonable, the defendant had no legal right to such use of the water without indemnifying the plaintiff.

The legislative acts in question authorized the defendant to take and hold any land, property, or privileges necessary for the purposes of the Act, and to purchase and take conveyances of such land, property, and privileges, and, when it could not agree with the owner, to have the damages from such taking fixed by appraisers. It is clearly the intent of the Act that for any land, property, or privileges taken by the defendant for its waterworks plant it should make compensation. If, therefore, the city, without the will or consent of the plaintiff, diverted the waters of the stream from the plaintiff's mill, that would be an invasion of his rights, and he would have a cause of action against it, although the damage was merely nominal. *Watson* v. *New Milford Water Co.*, 71 Conn. 442, 450, 42 Atl. 265. But the second defense alleges that the acts complained of were done with the consent of the plaintiff, and benefit rather than injure him. If he consented, and upon demurrer he must be held to have done so, he is barred from now complaining of the injury. *Volenti non fit injuria.* He has no cause of action either for damages or an injunction for the acts to which he has thus consented.

The complaint contains an allegation that the city threatens and intends to increase its diversion of the water by extending its mains, drains, and conduits. The plaintiff insists that the second defense does not justify or attempt to justify this threatened increase of the diversion of the

stream. As a rüle an injunction will not be granted to prevent a threatened trespass, unless it appears that irreparable injury will be done, or that it is a case of quieting possession, or one where the value of the inheritance is put in jeopardy. *Smith* v. *King*, 61 Conn. 511, 515, 23 Atl. 923 ; *Stein* v. *Coleman*, 73 Conn. 524, 526, 48 Atl. 206. There is no allegation in the complaint that the threatened increase in the use of the water will work irreparable injury to the plaintiff. There is no claim for an injunction against the threatened acts as distinct from that asked against all diversion of the water. The plaintiff, therefore, was not entitled, upon the allegations of the complaint, to an injunction against the alleged threatened increase in the use of the waters of the stream.

We think, therefore, that the second defense was sufficient, that the demurrer thereto was properly overruled, and that the Superior Court committed no error in rendering judgment for the defendant.

There is no error.

In this opinion the other judges concurred.