### Theodore B. Converse, Receiver, Appellant, v. Emerson, Talcott & Company, Appellee.

### Gen. No. 5,076.

1. CORPORATIONS—*powers of.* A corporation organized under the laws of the State of Illinois cannot legally exercise any other or further powers than those expressly set forth in its charter or necessarily implied therefrom.

2. CORPORATIONS—*what ultra vires.* The act of an Illinois corporation organized for purely manufacturing purposes in becoming an incorporator and in subscribing for stock of a corporation, even though the final object sought to be accomplished may be the liquidation of a debt, is *ultra vires* and void, and no stock liability can be enforced upon such a subscription.

3. ESTOPPEL—*when does not avail against defense of ultra vires.* A contract beyond the power of a corporation is void and the fact that the corporation has received the benefits thereof or that other

parties have acted thereunder, does not estop the corporation from raising its defense of *ultra vires*.

Assumpsit. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

E. M. ST. JOHN, for appellant; J. H. CHANDLER and DAVIS, KELLOGG & SEVERANCE, of counsel.

E. P. LATHROP and ROBERT LATHROP, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in·assumpsit begun by Theodore R. Converse, receiver of the Minnesota Thresher Manufacturing Company, appellant, hereinafter called the thresher company, against Emerson, Talcott & Company, appellee, a corporation organized under the laws of Illinois, seeking to recover upon a stock liability under the laws of Minnesota. There is no question raised as to the sufficiency of the pleadings to properly present the question of the liability of the appellee and its defense thereto. The questions involved are questions of law upon stipulated facts. Emerson, Talcott & Company is a corporation organized under the general incorporation act of the state of Illinois "for the prosecution and carrying on the business of the manufacture and sale of agricultural machinery, tools and other articles" and has no other privileges or powers under its charter.

In 1883 the Northwestern Manufacturing & Car Company, hereinafter called the car company, a corporation under the laws of the state of Minnesota doing business in Minnesota, bought goods of the appellee and became indebted to it in the sum of $1904.14, for which sum it took the note of the car company. In 1884 the car company became insolvent and subsequently thereto, in November, 1884, the thresher company, a corporation, was organized under the laws of Minnesota by creditors and stock-

holders of the car company. The articles of incorporation of the thresher company provide that the objects for which it is incorporated are the purchase of the capital stock, evidences of indebtedness and assets of the car company, and the manufacture and sale of steam engines and all kinds of farm machinery. Under the plan of organization of the thresher company, the creditors of the insolvent company had the right to subscribe for and accept preferred stock in the new company and pay for the same by assigning their claims against the insolvent company. The preferred stockholders of the insolvent company were to accept common stock in the new company in exchange for common stock in the old company. The appellee joined in the organization and subscribed for thirty-eight shares of the par value of $50 of the preferred stock in the new company on April 29, 1885, and thereafter assigned to the thresher company the note of $1904.14 against the insolvent car company, and received the thirty-eight shares of preferred stock in the thresher company and a note of the thresher company for $26.73 representing the difference with accrued interest, between the claim against the old company and the face value of the stock subscribed for and received by it.

The appellee has held the thirty-eight shares of preferred stock ever since. No dividends have ever been paid on it. The constitution of the state of Minnesota provides, ''Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him.''

In 1901 the thresher company became insolvent, and a creditor having obtained a judgment against it, procured the appointment of Theodore R. Converse as receiver. The assets of the thresher company were insufficient to pay the creditors, and having been exhausted, proceedings were had in the Minnesota courts

whereby an assessment of $18 was levied on each share of stock of the thresher company for the purpose of providing a fund to pay the debts of the company proved up before the receiver. Not realizing sufficient money from the first assessment to pay the debts, a second assessment of $32 per share was levied. Appellee failed and refused to pay either assessment, and the receiver brought this suit to collect such assessments.

The case was tried without a jury and propositions of law were submitted to the court presenting the legal questions involved. The court found in favor of the defendant, appellee, and rendered judgment against the receiver for costs. The receiver appeals.

No argument has been made upon the propriety of the ruling upon any of the propositions of law submitted to the trial court, but counsel have presented and argued the merits of the case as to the propriety of the judgment rendered upon the agreed facts and the law applicable thereto, appellant contending the judgment rendered is erroneous and that it should have been in favor of appellant. The position taken by counsel for appellee is that under the charter powers of appellee it had no right to subscribe for stock in a corporation, and that the subscription for thirty-eight shares of stock and the receipt of such stock are *ultra vires* and void, and that no suit can be maintained thereon.

A corporation organized under the laws of the state of Illinois can legally exercise no other or further powers than those expressly set forth in its charter or necessarily implied therefrom. The charter of appellee only permits it to engage in the business of manufacturing and selling farm machinery and other articles. The thresher company by its charter was authorized to engage in the acquisition of stock of the car company and the debts and assets of the car company. The courts of Minnesota have held that the acquisition of such stock and assets was a business to

be engaged in independently of the manufacturing business.    Merchants National Bank v. Minnesota Thresher Manufacturing Co., 90 Minn. 144.

The appellee company did not receive stock in the thresher company in payment of its debts, but took an active part in the organization of the thresher company for the purposes for which it was organized, which includes the purely speculative business of buying certificates of stock, debts and assets.    The act of the appellee in becoming an incorporator of or subscriber for the stock in the thresher company was *ultra vires* its charter and void, and no suit can be maintained thereon.    People v. Pullman Co., 175 Ill. 159; People v. Chicago Gas Trust Co., 130 Ill. 268; McCoy v. Columbian Exposition Co., 186 Ill. 360; First Nat. Bank v. Converse, 200 U. S. 425; Peshtigo v. Great Western Tel. Co., 50 Ill. App. 624; National Home Building Assn. v. Home Savings Bank, 181 Ill. 35; Steele v. Fraternal Tribunes, 215 Ill. 194.

The law has been adjudged adversely to the contention of appellant in New York and Connecticut in suits brought by appellant to collect these assessments. Converse v. Bank, 79 Conn. 163; Converse v. Bank, 79 Conn. 603; Converse v. Stewart, 105 App. Div. N. Y. 478.

In Martin v. Ohio Stove Co., 78 Ill. App. 108, it is said "A corporation cannot become a stockholder in another corporation.    *    *    *    In the absence of express authority it cannot become an incorporator by subscribing for shares of a new corporation and it cannot do this indirectly through persons acting as its agents or tools."

Appellant insists that the appellee is estopped to insist upon the doctrine of *ultra vires*.    In Nat. Home Building Assn. v. Bank, *supra,* the principle is laid down that a contract beyond the power of a corporation is void, and the fact the corporation has received the benefits thereof, or the other parties have acted thereunder, does not estop the corporation from rais-

ing the defense of *ultra vires.* The same doctrine is announced in First Nat. Bank v. Converse, 200 U. S. 425, and Steele v. Fraternal Tribunes, 215 Ill. 194. Courts of this state having so clearly passed upon the principle involved, it is unnecessary to refer to or cite the decisions of other states. On the agreed facts the court could give no other valid judgment than the one rendered. The judgment is therefore affirmed.

*Affirmed.*