## HARRIET M. BURRITT vs. H. THOMAS F. LUNNY.

Third Judicial District, Bridgeport, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A motion to strike out of a third defense so much thereof as is pleaded separately as a second defense, is properly denied where the facts thus incorporated by reference are relevant and material in connection with the other and additional averments of the third defense.

A pleader should be permitted to state his case in his own way rather than in that which his antagonist might prefer; and therefore unless it is clear that there was no reasonable ground for inserting the allegations objected to, they should be allowed to stand.

A motion to separate defenses should be denied, if its allowance would
weaken the defense upon demurrer.

The defendant, a tenant who had for years paid his monthly rent by
check without objection, attempted to pay in that way, as usual,
when his check was refused by the plaintiff's attorney who de-
manded payment "in money." *Held* that this demand was fairly
met by the defendant's tender of the required amount in bills or
currency of the United States, even if such offer was not technically
a strict legal tender under the Federal statute.

A landlord cannot complain of delay in the payment of rent which was
caused by his own acts.

A judgment for the defendant must be sustained, if any one of several
defenses demurred to is sufficient.

Submitted on briefs April 12th—decided June 2d, 1916.

WRIT OF ERROR to reverse a judgment rendered for
the defendant by the City Court of Waterbury, *Larkin,
J.*, in an action of summary process. *No error.*

*Nathaniel R. Bronson,* for the plaintiff.

*Frank P. McEvoy* and *Francis P. Guilfoile,* for the
defendant.

RORABACK, J.   The plaintiff, in a summary process
proceeding, alleges these facts: On December 16th,
1913, the defendant entered into possession of the prem-
ises in question under a written lease from the plaintiff
and Thomas F. Lunny.   "Said lessee failed and neg-
lected to pay the rent which became due and payable
on the first day of February, 1916, nor has he since
paid the same or any part thereof.   Ten days have
elapsed since said rent became due as aforesaid; said
lease has, by virtue of the express stipulation therein
contained, expired and terminated.   Said lessee still
neglects and refuses to quit possession of said premises
to the complainant and still holds possession thereof.
Said lessee in said lease waived all right to notice to
quit possession."

The defendant denied that the lease referred to in the

complaint was a copy of the original, that he had failed to pay the rent, and that the lease had expired and terminated. A second defense read as follows: "1. For many years prior to December, 1913, the defendant was a tenant of said Harriet M. Burritt, and leased and occupied the premises described in said complaint. 2. At and during all of the time mentioned, prior to said December, 1913, the defendant paid the rent as agreed for said leased premises to said Harriet M. Burritt, by check of the defendant, each month, and it was the custom between the defendant and said Harriet M. Burritt for the defendant to pay and for the said Harriet M. Burritt to receive said check each month in payment of said rent. The defendant's said check was actually so received and accepted by said Harriet M. Burritt as payment during each and every month for many years prior to said December, 1913. 3. At the time the lease dated December 16, 1913, was made between H. T. F. Lunny and Harriet M. Burritt it was impliedly understood and agreed between the defendant and said Harriet M. Burritt that the defendant should continue to pay his monthly rent under the said lease, by defendant's check. 4. Upon the beginning of the new term as expressed in said lease, the defendant did so pay his monthly rent by defendant's check, the defendant continued to pay said Harriet M. Burritt, and the said Harriet M. Burritt accepted and received said defendant's check each and every month from December, 1913, to January, 1916, inclusive. 5. On the 7th day of February, 1916, the defendant tendered his check for the sum of $125, the same being the amount of rent in advance due to March 1, 1916. Said tender was made to N. R. Bronson, Esq., as agent of Harriet M. Burritt, but said agent refused to accept said check and returned the same to the defendant."

The third defense made all the paragraphs of the second defense a part of this defense. The third defense also averred: "At the time said agent returned said check to the defendant, the said agent, N. R. Bronson, Esq., demanded that defendant pay said rent in 'money.' 7. Thereafter on the 8th day of February, 1916, the defendant, acting therein by his attorney, Frank P. McEvoy, tendered to said N. R. Bronson, Esq., as agent of said Harriet M. Burritt, the sum of $125 in money, to wit: twelve $10 bills and one $5 bill, of U. S. currency, as payment of said rent. 8. Said N. R. Bronson, Esq., as agent, refused to accept said money. 9. The defendant then was, ever since has been, and still is, ready and willing to pay said rent, to wit: $125, to said Harriet M. Burritt, or to said N. R. Bronson, as agent."

It was also further alleged, in a fourth defense: "All the paragraphs of the third defense are made corresponding paragraphs as part of this defense. 10. On the 23rd day of February, 1916, the defendant, acting therein by his attorney, Frank P. McEvoy, tendered to said N. R. Bronson, Esq., as agent of the said Harriet M. Burritt, in U. S. treasury notes, the sum of $125 due for rent, also interest and costs of this action up to the present time. 11. The defendant, now in court, tenders the whole amount due to said Harriet M. Burritt for the rent of said premises and interest, and costs of this action up to the present time, and leaves the said amount in the hands of the clerk of this court, as a continuance of said tender."

The plaintiff's motion was that "so much of defendant's second defense as is made a part of the third defense be stricken out." This obviously was not the real object of the plaintiff, as his reasons indicate. What he sought to accomplish by his motion was that so much of the third defense as was made up of the

second should be stricken out. As thus construed the motion, however, was properly denied.

The facts referred to in the motion were relevant and material, in connection with the other averments set forth in the third defense, as tending to show that the defendant was ready, willing and in good faith attempted to pay his rent when it became due. These averments also show the reason why the defendant departed from the implied agreement which existed as to the payment of rent, and why he was induced to make a different payment than the one that he had been accustomed to make.

The motion to separate was based upon the same grounds urged in the demurrer to the third defense and the motion to strike out. "Wherever it is not clear that there was no reasonable ground for inserting such allegations, they should be allowed to stand, and the party permitted to put his case before the court in his own way, rather than in that which his antagonist might prefer." *Freeman's Appeal*, 71 Conn. 708, 714, 43 Atl. 185. The motion is to be denied, if to grant it would weaken the defense as regards demurrer. *Frisbie* v. *Preston*, 67 Conn. 448, 452, 35 Atl. 278.

The third defense was demurred to because the alleged tender was insufficient; because the tender of the bills of United States currency did not comply with the law; and for the further reason that the willingness of the defendant to pay the rent, as alleged, was irrelevant and immaterial.

It appears from the conceded facts that the defendant attempted to make payments of the rent by check in good faith and in pursuance of an implied agreement and custom then existing between him and the plaintiff. The demurrer also admits that when this payment by check was attempted, it was refused by the plaintiff's attorney, who then "demanded that the

defendant should pay said rent in 'money.'" It appears that this demand was fairly met when the defendant tendered $125 in bills of the currency of the United States. We have no concern with the plaintiff's contention, now made, that the tender should have met the technical requirements of the United States statute relating to legal tender. The plaintiff, when payment by check was refused, demanded that the rent should be paid in money. This the defendant attempted to do. It may also be observed that "bank-notes constitute a part of the currency of the country, and ordinarily pass for money, and a contract will, in the absence of proof to the contrary, be presumed to have been made with reference to the currency in which business is usually transacted." 1 Taylor on Landlord & Tenant (9th Ed.) p. 498.

While it is true that the date of the tender of the "money" was after the expiration of the ten-day period of the lease, yet the facts show that this delay should be excused by the acts of the plaintiff.

In view of what we have already said as to the third defense, it is not necessary to further consider the demurrer, which also attacks two paragraphs of the fourth defense. If either of these defenses demurred to were sufficient, the judgment of the lower court for the defendant must be sustained. *Beckerle* v. *Danbury*, 80 Conn. 124, 126, 67 Atl. 371. As we have already indicated, the judgment of the court below could have been properly rendered upon the facts set forth in the third defense.

There is no error.

In this opinion the other judges concurred.