SAMUEL W. BEACH ET AL. *vs.* ALBINA PISAREK.

Third Judicial District, New Haven, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Where the trial court renders judgment sustaining a demurrer to a complaint, inadvertently basing its decision upon grounds which, though pertinent to the complaint in its original form, have no application to its amended allegations, the sufficiency of the amended complaint, if discussed without objection by the parties, may be considered by this court, since the judgment rendered necessarily implies that the trial court adjudged it insufficient.

A judgment sustaining a demurrer upon the wrong grounds is not erroneous if any of the grounds set up is well taken.

No action lies for breach of a covenant of warranty in a deed unless there has been actual or constructive eviction.

The mere existence of a tax lien upon real estate unaccompanied by any action or threat of action by the municipality to enforce its rights thereunder, does not constitute constructive eviction.

Argued January 22d—decided March 6th, 1925.

ACTION to recover damages for an alleged breach of a covenant of warranty by the defendant, brought to the Court of Common Pleas in Fairfield County where the defendant's demurrer to the complaint was sustained (*Walsh, J.*) and, upon the plaintiffs' refusal to plead over, judgment was rendered for the defendant, from which the plaintiffs appealed. *No error.*

*Elbert O. Hull,* for the appellants (plaintiffs).

*Charles A. Hopwood,* for the appellee (defendant).

KEELER, J. The complaint alleges that on February 3d, 1921, the defendant conveyed two tracts of real property in the town of Bridgeport to Charles Grimwood, subject to a mortgage to one Lyman, by a deed

containing covenants of seizin, right to convey, freedom from incumbrances except said mortgage, and of warranty in usual form  Immediately after the delivery of the deed, Grimwood mortgaged the premises to the plaintiffs, and then mortgaged the same to Albina Pisarek to secure an indebtedness to her, by two certain mortgages which later she assigned to the plaintiffs, and which were foreclosed by them, and title taken under the judgment.  At the time defendant conveyed to Grimwood, taxes in favor of the city of Bridgeport, assessed against Grimwood on the list of 1920, were a lien upon the mortgaged premises to the amount of $462.40.  It is further alleged that the plaintiffs, in order to protect their interests in said land and to procure the release of said incumbrance and lien upon said land, were obliged to pay said taxes to the city of Bridgeport on or about the first day of April, 1922.

The complaint then sets forth all of the covenants above referred to, and alleges a breach of the same, by the failure of payment of the taxes above referred to, and alleges failure of defendant to reimburse plaintiffs for the payment of taxes by them made, after demand therefor.

The action was returned to court on the first Tuesday of June, 1924, and on June 10th, plaintiffs amended their complaint by striking out all allegations of the same relating to the personal covenants of seizin, right to convey, and freedom from incumbrances, so that the complaint counted only on the breach of the covenant of warranty.  Defendant demurred to the complaint by a demurrer dated June 10th and filed June 11th, setting up the following grounds:  "(1) The complaint sets forth a cause of action founded on a personal covenant against incumbrances, which does not run with the land.  (2) It

appears that the plaintiffs are not the immediate cove-
nantees and grantees of the defendant. (3). It does
not appear that the defendant did not have other
estate that could be found sufficient to pay the taxes
sued upon. (4) It does not appear that the plaintiffs
are heirs or assignees of the defendant. (5) It does
not appear that there was an eviction under para-
mount title."

The demurrer was heard by the court and on Sep-
tember 29th was sustained, and a memorandum filed
in the following words:

"Memorandum of Decision, Sustaining Defendant's
Demurrer. The Demurrer to the complaint, as
amended, is sustained on the first, second and third
paragraphs thereof."

The plaintiffs declined to file any further pleading,
and the court granted defendant's motion for judg-
ment in his favor. The plaintiffs' reasons of appeal
assign error in the sustaining of the demurrer upon
the grounds stated by the trial judge.

It is very evident from the above facts that the
demurrer as drawn related to the whole of the original
unamended complaint, and that the first three grounds
of demurrer upon which the trial court rendered de-
cision related to the portion of the complaint which
had been stricken out by amendment, and that the
court ignored that part of the demurrer relating to
the complaint as it stood after amendment. So the
trial judge inadvertently transposed in his mind the
portion of the complaint stricken out by amendment
with the part remaining, and considered the demurrer
accordingly. The parts of the complaint stricken out
and the portion of the demurrer relating thereto were
never properly before the trial court, and are not
before this court on appeal. All of the grounds of the
demurrer were, however, fully discussed before us

without objection, and we assume that they were so discussed in the trial court. It may, therefore, be considered by us. *Knapp* v. *Tidewater Co.*, 85 Conn. 147, 155, 81 Atl. 1063. The granting of the motion for judgment by the trial judge on October 24th, 1924, carries with it the assumption that the amended complaint, counting only on a breach of warranty, was held insufficient to sustain any judgment for plaintiffs.

While the complaint was held insufficient by the court based upon the first three grounds of demurrer, the action of the court in sustaining the demurrer was not erroneous if any of its grounds are well taken. *British American Ins. Co.* v. *Wilson*, 77 Conn. 559, 564, 60 Atl. 293; *Converse* v. *Aetna National Bank*, 79 Conn. 603, 605, 65 Atl. 1064; *Gendelman* v. *Mongillo*, 96 Conn. 541, 543, 114 Atl. 914. We will therefore consider the fifth ground of demurrer, that there is no allegation of an eviction of plaintiffs under paramount title.

The allegation of the complaint above set out in full is, in substance, that plaintiffs were obliged to pay off the tax lien to clear their title from a cloud. It is not alleged that the plaintiffs had been evicted, or that any steps were being taken by the municipality to enforce payment of the tax out of the land, either by levy or by foreclosure of the tax lien, and plaintiffs' counsel stated on the argument that there had in fact been none. Hence there was nothing in the way of a constructive eviction. The certificate of lien might never be foreclosed. The taxpayer upon whom the tax was assessed might pay it; it might be collected by suit or by levy on personal property, or by imprisoning the delinquent tax debtor. Until some action was taken preparatory to enforcing payment of the tax out of this specific real property, there was no such threat or danger thereof, as would constitute a

constructive eviction, and hence the covenant of warranty had not been broken. It is familiar and settled doctrine in this State, as in most jurisdictions, that to constitute a breach of this covenant there must be an eviction, actual or constructive. The plaintiff "can maintain no action till he has been evicted, for till then, he has sustained no injury." 1 Rev. Swift's Digest, s. p. 366. "The last assignee can never maintain an action on the covenant of warranty until he has been evicted. Though the title may be defective; though he may be constantly liable to be evicted; though his warrantor may be in doubtful circumstances; yet he can bring no action till he is actually evicted; for till then there has been no breach of the covenant, no damage sustained." *Booth* v. *Starr,* 1 Conn. 244, 248. To the same effect are *Mitchell* v. *Warner,* 5 Conn. 497; *Davis* v. *Lyman,* 6 Conn. 249; *Butler* v. *Barnes,* 60 Conn. 170, 192, 21 Atl. 419. It follows that the amended complaint in the present case affords no ground for recovery, and the judgment rendered was not erroneous.

There is no error.

In this opinion the other judges concurred.