FRANK A. PERKINS ET AL. *vs.* CHRISTINE AUGUST.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 16th—decided July 10th, 1929.

*Frederick J. Rundbaken,* for the appellants (plaintiffs).

*Donald Gaffney,* for the appellee (defendant).

MALTBIE, J.   William August died in January, 1913, in the town of Simsbury.   At his death he owned in his own right a certain piece of land there situated and also a half interest in a second piece, the other half interest being owned by his wife.   She survived him, as did six children, all of age except one, Emma.   He left no debts.   About one month after his death all the children except Emma quitclaimed their rights in both pieces of land to their mother.   About the same time a guardian was appointed for Emma, but no conveyance of her interest in the property was then made, nor thereafter except as stated below.   In November, 1924, Mrs. August, in pursuance of an agreement with the plaintiffs to convey the lands to them by a good and sufficient warranty deed containing the usual covenants, did execute and deliver to them such a deed. About two years later, the plaintiffs, desiring to sell the lands, learned for the first time that no administration had ever been taken out upon the estate of . William August nor any distribution of it made. Thereafter and before this action was brought, one of the plaintiffs, Mrs. Perkins, requested Emma to quitclaim her interest in the lands to them and this she did.   About the same time Mrs. Perkins asked Emma to have the defendant institute probate proceedings upon the estate of William August; but Emma re-

fused, telling Mrs. Perkins that her mother was ill and unable to act. On April 30th, 1927, Mrs. Perkins herself applied for letters of administration, her application not stating the date of the death of William August, nor assigning any reason why they should be granted more than ten years after his death, nor does this lapse of time seem to have been brought to the attention of the Judge of Probate. He did grant letters of administration to an attorney, assigning no reason for doing so after the lapse of so many years from the death of the decedent. Thereafter the settlement of the estate proceeded in the usual course. This action is brought to recover probate, recording and attorney's fees paid by the plaintiffs in connection with the probate proceedings. The trial court gave judgment for the defendant and the plaintiffs have appealed.

The complaint is susceptible of a construction setting up a twofold claim by the plaintiffs, it seems to have been so treated at the trial, and is so presented to us by them. On the one hand, they claim a breach of the defendant's agreement to convey, and on the other a breach of the warranties in the deed they received from her. With reference to the former claim we will assume that, because the plaintiffs did not know of the failure to take out administration on the estate of William August when they received their deed, they might have sued for damages on account of breach of a term in the agreement of sale, despite their acceptance of the deed tendered without objection. The defendant's agreement to "make and deliver" to the plaintiffs "a good and sufficient warranty deed, containing the usual covenants in such deeds contained" meant not only that such a deed as there described was to be duly executed and delivered, but that such a title was to be conveyed as would meet the re-

quirements of that deed. *Abendroth* v. *Greenwich,* 29 Conn. 356, 365; Maupin on Marketable Title to Real Estate (3d Ed.) § 10. Even though we assume that in all such agreements, unless a contrary intent appears, the law implies a promise by the vendor that the title which he conveys shall be a good marketable title, the rule at its broadest would not mean that a mere suspicion cast upon the title will be regarded as sufficient to make it unmarketable; *Conley* v. *Finn,* 171 Mass. 70, 72, 50 N.E. 460; 27 R.C.L. 490; but the defect must have at least such substantial weight that the land cannot again be sold at a fair price to a reasonable purchaser or mortgaged to a person of reasonable prudence as a security for the loan of money. *Moore* v. *Williams,* 115 N. Y. 586, 592, 22 N.E. 233; Maupin, Op. Cit., p. 769; 27 R.C.L. 490.

The failure of the defendant to have acquired the share of Emma in the lands before she conveyed them to the plaintiffs was a clear defect in title, but this was cured by her deed of her interest to the plaintiffs before the action was brought At the death of William August, his title in the lands at once vested in those entitled to them under the statute of distributions, subject only to such rights as might arise out of the need to come upon them to satisfy debts and expenses of administration, and distribution was not necessary to confer title. *Hotchkiss' Appeal,* 89 Conn. 420, 427, 95 Atl. 26; *Ward* v. *Ives,* 91 Conn. 12, 16, 98 Atl. 337; *Greene* v. *King,* 104 Conn. 97, 102, 132 Atl. 411. The heirs and distributees could make a valid conveyance of such lands which would vest in the grantee all the interest and title of the intestate, subject only to such rights. *Phelan* v. *Elbin,* 84 Conn. 208, 212, 79 Atl. 187. By the conveyance from the children to the defendant and by her conveyance to the plaintiffs, they became vested with all the right, title and interest of the in-

testate in the property, except the interest of Emma, which they thereafter secured. As all the interest of the heirs and possible distributees of the estate of William August vested in the plaintiffs before the action was brought, and as fifteen years had then elapsed since his death, the possibility of any claims being made upon his estate which would affect the title to the land was too remote and unsubstantial to have it regarded as unmarketable upon that account, particularly in view of our statute which forbids the grant of administration upon the estate of a deceased person more than ten years after his death, except for due cause shown after public notice. General Statutes, § 4978.

The claim of the plaintiffs for substantial damages is thus reduced to the contention that the failure to have administration taken out upon the estate of William August caused such a break in the record title as to make it unmarketable. While it is frequently said that if parol evidence will be necessary to remove a doubt as to the validity and sufficiency of the vendor's title, the purchaser cannot be compelled to complete the contract, an examination of the cases will show that this is far from an invariable rule, where the agreement is one merely to give a good marketable title. Even in States where the vendor is held to as strict a rule in this regard as anywhere, title by adverse possession has been held sufficient. *Conley* v. *Finn,* 171 Mass. 70, 73, 50 N.E. 460; *Freedman* v. *Oppenheim,* 187 N. Y. 101, 105, 79 N.E. 841. Ordinarily the relationship of a man to his wife and children is as simple a fact and as well known as any which might rest in parol and one as easily established. In the absence of a showing of any special circumstances, we could not regard, as making the plaintiffs' title unmarketable within the terms of the rule we are consid-

ering, the failure to take out administration upon the estate of William August and thus formally fix of record the fact that the defendant and the children whose rights were conveyed to the plaintiffs were the sole heirs and .distributees. *Barrette* v. *Whitney*, 36 Utah, 574, 106 Pac. 522; *Van Gundy* v. *Shewey*, 90 Kan. 253, 133 Pac. 720; *Attebery* v. *Blair*, 244 Ill. 363, 91 N.E. 475; Maupin, Op. Cit., p. 795; 2 Sugden on Vendors (8th Amer. Ed.) 24. Our conclusion is that the record does not show anything more than a mere technical breach of the agreement to convey the land on the part of the defendant.

As regards the covenants in the deed, it is clear that there was no breach of the covenant against incumbrances, for the record discloses nothing in the way of an incumbrance upon the lands. *Staite* v. *Smith*, 95 Conn. 470, 472, 111 Atl. 799. Equally clear is it that there has been no breach of the covenant of warranty, for that requires at least a constructive eviction. *King* v. *Kilbride*, 58 Conn. 109, 116, 19 Atl. 519; *Ensign* v. *Colt*, 75 Conn. 111, 116, 122, 52 Atl. 829, 946; *Beach* v. *Pisarek*, 102 Conn. 126, 130, 128 Atl. 30. As we have already pointed out, the conveyance by the children except Emma to the defendant and by her to the plaintiffs vested the title to the lands in them except for the interest which Emma had, subject only to such rights to come upon them as might arise in the due administration of his estate. By reason of the fact that when the conveyance was made by the defendant to the plaintiffs the interest of Emma was outstanding there was then a breach of the covenant of seisin and good right to convey. *Lockwood* v. *Sturdevant*, 6 Conn. 373, 384; *Mitchell* v. *Hazen*, 4 Conn. 495, 513; 7 R.C.L. 1131. But as that interest was conveyed to the plaintiffs at their request and without cost to them before the action was brought, in effect all technical

difficulties are healed and the plaintiffs have received in fact just what they purchased. *Hartford & Salisbury Ore Co.* v. *Miller,* 41 Conn. 112, 133; 7 R.C.L. 1178. Upon the plaintiffs, claiming a breach of this covenant, rested the burden to prove any other defects in the defendant's title growing out of the failure to administer the estate of William August and the record discloses none. This covenant concerns itself with title and is not broken by the fact that the defendant, having, except as to the interest of the minor daughter, an actual title to the lands, did not have a clear title upon the record. *Mitchell* v. *Hazen,* 4 Conn. 295, 413; 7 R.C.L. 1130.

The procedure adopted by the defendant and her children in this case cannot be approved. Every estate of a deceased person should be submitted to probate, not only that the provisions of the statutes concerning taxation of estates may be properly applied, but also because otherwise the long-established policy of this State that every title to land shall appear of record is violated. *Goldberg* v. *Parker,* 87 Conn. 99, 108, 87 Atl. 555. This is well illustrated in the instant case by the fact that the outstanding interest of the daughter Emma nowhere appeared of record, but on the other hand, anyone examining the land records would naturally have assumed that the conveyances by the other children to the defendant and by her to the plaintiffs conveyed the entire interest in the property. But under the facts of this case there was at most a technical breach of the agreement and of the covenant of seisin, both practically cured by the conveyance by Emma of her interest to the plaintiffs before the suit was brought, at their request and without expense to them. The most they could claim would be nominal damages, and a new trial will not be granted to enable them to secure these. *Beattie* v.

*New York, N. H. & H. R. Co.,* 84 Conn. 555, 80 Atl. 709. We have therefore no occasion to consider whether or not the defendant would in any event be liable for the expenses incurred by the plaintiffs in prosecuting the proceedings in the Court of Probate.

There is no error.

In this opinion the other judges concurred.