The basic transaction or occurrence alleged by the plaintiff is that his brother, the defendant, wrongfully obtained from the now deceased mother of both parties certain property *Page 72 
which she owned. This is claimed to have been accomplished by fraud, undue influence, without consideration and by reason of the decedent's mental incompetence to understand what she was doing. The relief sought is essentially equitable, with an incidental claim for unjust enrichment and damages. There is also a claim for injunctive relief against interference with the plaintiff's continued occupancy of an apartment in the property in question.
The defendants have moved, under the second paragraph of Practice Book, § 100, for a separation into counts of these various claimed causes of action.
The Practice Act allows considerable liberality in pleading. That the opportunity thus given a pleader is often by him misused to his own disadvantage is not controlling on the court. It should not impose its views as to pleading on an attorney, even though it might feel confident that so to do would help him. Burritt v. Lunny, 90 Conn. 491, 495.
Here a separation into short, clearly worded counts might well simplify and clarify the issues. However, the modern tendency is to discourage the use of multiple counts. It is still permissible, and in most instances as a practical matter is desirable. But it cannot properly be compelled unless the situation falls squarely within Practice Book, § 33. Veits v. Hartford,134 Conn. 428, 438. Here there are separate and distinct claims for relief but they are all concerned with the foregoing basic transaction or occurrence.
 It follows that the motion to separate should be, and is, denied.