## GENERAL ELECTRIC SUPPLY CORP., ET AL.
### vs.
## CHARLES C. MERRIAM, ET AL.

Superior Court      New Haven County      File #41242

Present:  Hon. JOHN RUFUS BOOTH, Judge.

Ralph H. Clark,              Attorney for the Plaintiff.

George E. Beers,            Attorney for the Defendants.

**MEMORANDUM FILED MARCH 30, 1935.**

BOOTH (JOHN RUFUS), J.  The action is in replevin, wherein the plaintiffs claim the right to possession of certain electrical equipment which they placed in the possession of

the New Haven Baseball Club, Incorporated, under the terms of certain conditional sales contracts which are conceded not to have complied with **Section 4697 of the General Statutes.**

The defendants, with the exception of Merriam, a deputy sheriff who made an attachment on behalf of his co-defendants, are creditors of the New Haven Baseball Club, Incorporated, and their possession of the goods replevined was by virtue of this attachment.

The question, therefore, is whether the property was subject to the attachment at the time it was made.

It must be conceded that **Section 4699 of the General Statutes** makes the conditional sales agreements absolute insofar as the defendants other than Meriam are concerned, and further provides expressly that the property in question is liable to be taken by attachment and execution for the debts of the vendee.

There is no serious dispute that this is the effect of the statutory provisions. The plaintiffs contend, however, that they had repossessed themselves of the property in question and that thereafter it was no longer subject to attachment by the defendants. Had their acts actually amounted to a repossession of this property, its further availability to satisfy the defendants' claims would have presented a question of some difficulty which in the present controversy it is not necessary to decide. In the opinion of the Court the acts of the plaintiffs in this connection did not amount to a repossession of the property, their declarations to the contrary notwithstanding. The plaintiffs further claim that although they may have failed to establish the repossession of the property, their conduct served to inform the defendants of the plaintiffs' claims, and thus to render the sections of the statute above referred to inapplicable or have estopped the defendants from taking advantage of them. The judicial construction of **Section 4699** clearly recognizes the distinction between creditors and purchasers. To the former there is no limitation attached. To the latter good faith and lack of notice are essential **(Refrigeration Discount Corporation vs. Chronis, et al, 117 Conn. 457 and 461).** In the facts also there is no basis on which to rest an estoppel. The defendants have done nothing inconsistent with their present claim in any way altering the position of the plaintiffs.

The plaintiffs have also alleged in their amended complaint the existence of a third conditional sales contract between themselves. It was conceded in the plaintiffs' behalf that

this was of very doubtful validity even on the assumption made therein that the vendor in this agreement had any title to convey. From the evidence it is apparent that it had no such title and the property still remained subject to attachment by the defendants after the execution of this agreement on February 10th., 1933. Therefore, since the property in question was attachable as that of the New Haven Baseball Club, Incorporated, by the defendants, except Merriam, creditors of that corporation, their possession of the property should not have been disturbed by the plaintiffs.

In view of the foregoing, judgment is rendered for the defendants upon the issues of the complaint and counter-claim and that the plaintiffs return to the defendants the goods replevied and that the defendants recover of the plaintiffs their costs.