PRINCE HARDY *v.* CONYER SCOTT.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued March 5—decided April 4, 1941.

*Franklin Coeller,* for the appellant (defendant).

*William L. Beers,* with whom, on the brief, was *George E. Beers,* for the appellee (plaintiff).

PER CURIAM. According to the complaint, the plaintiff deeded the property in question to the defendant and the latter's wife, Francener Scott, reserving a life use and on condition that the Scotts support him during his life, with reversion to the grantor on breach of the condition; Francener Scott died intestate about two years before the bringing of the action leaving the defendant as her sole heir-at-law and successor in title; the condition of the deed was broken by the defendant and the plaintiff was entitled to possession and title to the premises. The defendant demurred because neither the administrator, heirs or personal representatives of Francener were made parties. The demurrer was overruled and this action was assigned as error. Errors in the charge were also assigned but these are not before us since there is no finding in the record.

The demurrer admitted facts well pleaded. *State's Attorney* v. *Selectmen of Branford,* 59 Conn. 402, 411, 22 Atl. 336. It therefore admitted the allegation that the defendant was Francener's sole heir-at-law. This might have been so. General Statutes, § 5156. Title to intestate lands vests at once in the heirs "subject only to such rights as might arise out of the need to come upon them to satisfy debts and expenses of administration, and distribution was not necessary to confer title." *Perkins* v. *August,* 109 Conn. 452, 456, 146 Atl. 831; *Bowen* v. *Morgillo,* 127 Conn. 161, 168, 14 Atl. (2d) 724. Extraneous facts may exist which would disclose a deficiency of necessary parties but these could not be taken advantage of by demurrer.

There is no error.