THE CAPITOL LIGHT AND SUPPLY COMPANY *v.* FRANCIS T. FIUT ET AL.

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 140417

Memorandum filed March 18, 1965

*Mark C. Yellin,* of Hartford, and *Robert B. Basine,* of Avon, for The Capitol Light and Supply Company.

*Morelli, Webber & Ferraina,* of Hartford, for defendant Myer Reichlin.

*Friedman, Friedman & Friedman,* of Hartford, for defendant Hartford National Bank and Trust Company.

*Gilman & Marks,* of Hartford, for defendants The Connecticut Bank and Trust Company and Society for Savings.

*Abraham A. M. Schweitzer,* of Hartford, for defendants Francis T. Fiut and The Elmwood Electric Company.

*Ribicoff & Kotkin,* of Hartford, for Horn Construction, Inc., garnishee.

COTTER, J. This is a foreclosure action of a mortgage in the principal amount of $15,000 on two parcels of land with buildings thereon. It is alleged there are three mortgages, originally totaling $37,500 in principal amounts, which are encumbrances prior to the plaintiff, and one in the principal amount of $27,400 subsequent thereto.

Two months after this action was brought, the plaintiff commenced another action against the named defendant and his corporation for a balance due the plaintiff of $28,000 on an open account and unpaid notes, causing an attachment to be placed upon the properties which are the subject of the present foreclosure action.

The request seems at first blush an anomalous one, but the plaintiff appears to have a bona fide or proper claim at the present time and suitably must protect its diverse and different interests. The reason for becoming a party defendant is to adjudicate the second claim and obtain a law day, in the event of a strict foreclosure, as an attaching creditor, in addition to that to which it would be entitled as a foreclosing mortgagee. If it does not have such an opportunity, an obvious miscarriage of justice can result. Likewise, if a foreclosure by sale were ordered, it would expect to participate in the distribution of assets, depending upon the amount realized at sale.

"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties. *Beach* v. *Isacs,* 105 Conn. 169, 176 . . . ." *Glotzer* v. *Keyes,* 125 Conn. 227, 231. A fortiori is this true where the plaintiff has a greater interest as an attaching creditor and there are creditors both prior and subsequent to its mortgage interest.

If the attaching encumbrancer does not appear in the action, the attachment remains an encumbrance upon the property. A judgment of strict foreclosure of course contemplates "subsequent encumbrances" and "subsequent parties," so that title to the property may vest absolutely in the encumbrancer who makes payment and redeems. General Statutes § 49-19; see also § 49-24 (foreclosure by sale). The attaching creditor of course must consider securing judgment; *Duncan* v. *Milford Savings Bank,* 134 Conn. 395, 399; and a failure of such creditor to act seasonably and prudently may substantially affect its rights, as it seems to be doing.

It is necessary under the circumstances of this case that the plaintiff also appear in the role of a defendant for the purposes stated "for a complete determination" of the questions involved. Practice Book § 51; General Statutes § 52-102.

The plaintiff is acting prudently in asking to be made a party defendant, and the motion is granted.

In view of the position the court has taken, the motion to consolidate is denied, since the issues should be resolved in this case and consolidation is unnecessary.