CITY OF NORWALK *v.* GIGI ANN VAN DYKE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 204

Argued January 13—decided April 30, 1976

*Raymond W. Ganim,* for the appellant (defendant).

*Leonard E. Trojanowski, Jr.,* for the appellee (plaintiff).

DAVID M. SHEA, J. The essential facts, as presented to the trial court by admissions in the pleadings and by uncontroverted affidavits and documents admitted in support of a motion for summary judgment, are as follows: The defendant, who was employed by the plaintiff city of Norwalk as a guidance counselor, was injured in the course of her employment as a result of the negligence of a third party. A voluntary written agreement providing for workmen's compensation was entered into and was approved by the commissioner. Under this agreement, the plaintiff employer paid to or in behalf of the defendant the sum of $11,920.80 in medical bills and salary. The defendant instituted suit against the third party and she obtained a verdict of $75,000. Her case was settled for $70,000 in order to avoid an appeal. Before the verdict was rendered, the plaintiff moved to intervene in the third-party action, but the motion was denied because it had not been filed within the time allowed by § 31-293 of the General Statutes.[1]

---

[1] "[General Statutes] Sec. 31-293. LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other

After the verdict, the plaintiff brought this action to obtain reimbursement for the sum paid in accordance with the workmen's compensation agreement. The trial court, relying mainly upon *Sears, Roebuck & Co.* v. *Bree,* 4 Conn. Sup. 1, concluded that intervention pursuant to § 31-293 was not the only method by which the employer might obtain reimbursement and rendered judgment for the plaintiff.

In *Sears, Roebuck & Co.* v. *Bree,* supra, the court found the express promise of the employee's attor-

fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of any such action against an employer shall not constitute notice to such employer within the meaning of this section. If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. The rendition of a judgment in favor of the employee or the employer against such party shall not terminate the employer's obligation to make further compensation, including medical expenses, which the compensation commissioner thereafter deems payable to such injured employee. If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a· sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section the employer's claim shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of such injury. The word 'compensation,' as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee, the one thousand dollar burial fee provided by law and payments made under the provisions of sections 31-312 and 31-313."

ney to reimburse the employer for workmen's compensation payments to have induced the employer not to intervene in the third-party suit. The court also concluded that the employer had a substantive right of reimbursement and that whether he had followed the exact method of enforcing that right as prescribed by statute made no difference. The court reasoned that the effect of the Workmen's Compensation Act was to make it "a part of every employer's agreement with his employees that he shall not be doubly compensated for any injuries which he may sustain out of and in the course of his employment." Id., 5.

"It is true that statutes existing at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention." *Ciarleglio* v. *Benedict & Co.*, 127 Conn. 291, 293. This principle, that the parties are presumed to contract in reference to all existing law, would afford no basis for ignoring that portion of § 31-293 which prescribes the procedure for implementation of the substantive right of reimbursement created. 17 Am. Jur. 2d, Contracts, § 257. Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. *Main* v. *North Stonington*, 127 Conn. 711, 712. "The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon*, 90 Conn. 527, 528. It is clear that the cause of action asserted by the plaintiff was unknown to the common law. Public policy, in the absence of statutory provisions to the contrary, pro-

hibits the assignment of a right of action for personal injuries resulting from negligence. *Berlinski* v. *Ovellette,* 164 Conn. 482, 485. In the absence of third-party or subrogation statutes, it is held that there is no right of equitable subrogation available to an employer for reimbursement of workmen's compensation payments. In states which have no such statutes, a double recovery by the injured employee is permitted. 2A Larson, Workmen's Compensation Law § 71.30.

In *Fireman's Fund Ins. Co.* v. *Lubash,* 95 R.I. 311, a suit by an employer for reimbursement against an employee who had settled his claim against the third party was brought upon the theory that it was an implied condition of the employment contract that damages received from a tortfeasor would be applied for the benefit of the employer to the extent of the compensation payments. The court rejected that contractual basis for the claim, concluding that the statutory provision (p. 312) which entitled the employer "to indemnity from the person so liable to pay damages" precluded any recovery against the employee.

The employer's right to reimbursement as created by § 31-293 is limited to bringing *"an action against such other person* [the third-party tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee." (Emphasis added.) The statute contains no authorization for a suit against an employee. "Thus, while [§ 31-293] preserves to the employee and his personal representative the rights elsewhere provided by law, it creates a right in favor of the employer to recover from the same source what he has been obligated to pay by way of compensation, either by proceeding directly against the third party tort feasor or by intervening in an

action already brought." *Uva* v. *Alonzy,* 116 Conn. 91, 97. Reimbursement under the statute "is a right vested in the employer exclusively, provided he asserts it in time." *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325.

Section 31-293 provides that when an action is brought by either the employer or the employee against the third party, if the other fails to intervene within the time prescribed by the statute, "his right of action against such third person shall abate." Once the time for intervention had elapsed, the plaintiff's right of action for reimbursement also expired. It was not resurrected on the successful outcome of the defendant's suit against the third party.

The plaintiff claims that the abatement of its cause of action against the third party under the terms of the statute would not extinguish its rights against the employee. It had no such rights, however, either by statute or common law. Its only right of reimbursement was that which the statute created against the third party.

The plaintiff also relies on *Rosenbaum* v. *Hartford News Co.,* 92 Conn. 398, in which payments received in settlement of the employee's claim against the third party were held (p. 401) to discharge the employer, *"pro tanto,* from his inchoate liability to pay compensation." The plaintiff argues that the policy expressed in *Rosenbaum* against allowing a double recovery by the employee will be defeated unless the plaintiff is allowed to prevail. In that case, however, the court was primarily concerned with protecting the employer's right of recovery against a third party when the employee chose to settle his claim without litigation, thus foreclosing the employer from exercising his statu-

tory right to intervene.[2]  Here, the employer had ample opportunity to protect its rights by intervening in the employee's action against the third party.  Although one purpose of § 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights.  The imperfection is not in the statute which provides a simple means of effectuating the rights created, but in those who fail to avail themselves of its benefits for no justifiable reason.

There is error, the judgment for the plaintiff is vacated and the case is remanded to the Court of Common Pleas with direction to render judgment for the defendant.

In this opinion PARSKEY and SPONZO, Js., concurred.

---

[2] In *Rosenbaum* the court held that an injured employee may voluntarily settle his claim but that the employer would not be bound although he may ratify the settlement and be discharged pro tanto.  A portion of this holding was enacted into law in 1917; Public Acts 1917, c. 368, § 1; when the legislature added the following sentence to the third-party liability statute:  "No compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him."