[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
The plaintiff, Valley Forge Insurance Company, filed a complaint on July 17, 1992, alleging in one count that the defendant, John Terribile, was obligated, pursuant to General Statutes 31-293(a), to apportion damages that he received from the settlement of a prior personal injury suit. That personal injury suit arose when Terribile was injured in the course of his employment with the B.W. Brown Trucking Company, of which the plaintiff (hereinafter "Valley Forge") was the workers' compensation carrier. After valley Forge provided workers' compensation benefits to Terribile totaling $119,039.00, Terribile brought suit against Center Hardware, Inc. for personal injuries he sustained while in the employ of the Trucking Company. Valley Forge intervened as a co-plaintiff in the aforementioned action but sometime later, Terribile settled his lawsuit with Center Hardware, Inc. for $60,000.00. Valley Forge, the plaintiff in this action, claims that Terribile's settlement with Center Hardware was arrived at without its consent and that Terribile did so with the intention of retaining the net proceeds thereof, thereby depriving Valley Forge of its priority claim to those proceeds in violation of 31-293(a).
The defendant filed its motion to strike on September 4, 1992 on two grounds: (1) that Valley Forge's exclusive remedy was 31-293(a) of the General Statutes; and (2) that Valley Forge's complaint is factually defective because CT Page 11303 of the absence of a necessary party, which party is the co-plaintiff in the underlying personal injury suit, Barbara Terribile.
On September 17, 1992, the plaintiff filed a memorandum of law in opposition to the motion to strike. In that memorandum the plaintiff argues that the employer subrogated its rights to any recovery under 31-293(a) to its workers' compensation carrier, and that Terribile's breach with respect to the personal injury settlement provided valley Forge with a valid cause of action which takes precedence over the statutory remedy. The plaintiff further argues that the addition of an additional defendant in this action is unnecessary.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "Whenever any party wishes to contest . . . (3) the legal sufficiency of any . . . complaint . . . because of the absence of any necessary party . . . that party may do so by filing a motion to strike . . . ." Practice Book 152. The test for deciding whether to grant a motion to strike is "whether, if the facts alleged are taken to be true, the allegations provide a cause of action . . . ." County Federal Savings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582,585, 491 A.2d 401 (1985). If "the facts provable under [the] complaint . . . support . . . a cause of action," then the motion shall be denied. Mingachos v. CBS, Inc., supra, 108-09. But "where a plaintiff's complaint alleges legal conclusions unsupported by facts" the motion to strike shall be granted. Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
As a preliminary matter the defendant argues that the complaint should be stricken because, pursuant to Practice Book 152(3), it fails to name a necessary party. (Defendant's Motion to Strike, pp. 2-3). As set forth in 152, "the exclusive remedy for nonjoinder of parties is by motion to strike." Practice Book, 1978, 198. This exclusive remedy applies to nonjoinder of indispensable parties." George v. St. Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980).
 Necessary parties . . . have been described as `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act CT Page 11304 on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'
Sturman v. Socha, 191 Conn. 1, 6, 463 A.2d 527 (1983), quoting Shields v. Barron, 58 U.S. (17 How.) 130, 139, 15 L.Ed 158
(1955).
Nevertheless, facts relied on to attack a complaint based on a nonjoinder of a necessary party, must appear in the motion to strike. Parties cannot rely on extraneous facts. Hardy v. Scott, 127 Conn. 722, 723, 19 A.2d 420 (1941). "A motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." (Emphasis added.) Practice Book 152. Because the defendant does not give the name and residence of the necessary party in its motion, the defendant's motion to strike for failure to name a necessary party is denied for failure to comply with the requirements of the Practice Book.
The defendant argues that the complaint is not legally sufficient because it attempts to assert an action by an employer's insurer against an employee, claiming a share of the proceeds of a personal injury settlement under General Statutes 31-293(a) with respect to workers' compensation benefits paid to the employee. (Defendant's Motion to Strike, p. 1). The plaintiff counters by arguing firstly, that the employer (B.W. Brown Trucking) subrogated its rights to 31-293
recovery, to its workers' compensation carrier, valley Forge, and secondly, that based on Terribile's breach of his duty pursuant to that statute, Valley Forge has a valid cause of action which takes precedence over all proceeds distributable under 31-293(a). (Plaintiff's Memorandum of Law in Opposition to Motion to Strike, pp. 1-2).
General Statutes 31-293(a) states;
 When an injury . . . has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto . . . any employer having paid, or having become CT Page 11305 obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee.
(Emphasis added.) "A cause of action which is purely statutory . . . must be strictly construed." Shine v. Powers,37 Conn. Sup. 710, 711, 435 A.2d 375 (App. Sess. 1981).
In the present case, the plaintiff attempts to bring a direct action against the employee for reimbursement of workers' compensation benefits paid to the employee prior to his settlement with the tortfeasor. Relevant case law provides that this is contrary to the mandate of 31-293.
 The [employer/insurer's] right to reimbursement as created by 31-293 is limited to bringing `an action against such other person [the third party tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee.' (Citation omitted.) The statute contains no authorization for a suit against an employee.
City of Norwalk v. VanDyke, 33 Conn. Sup. 661, 665,366 A.2d 554 (App.Div. 1976). See also Snagg v. Eastman, 7 CTLR 172, 173 (July 28, 1992, Melville, J.) ("[W]hen the plaintiff employee settles and withdraws, the intervening employer who does not assent to such settlement retains a continuing right of action against the tortfeasor pursuant to the intervening complaint.")
Pursuant to 31-293, Valley Forge has no statutory right to sue Terribile for apportionment of a settlement to which it did not assent. Rather, its remedy is to continue its action against the third party tortfeasor in the underlying personal injury suit. The Connecticut Supreme Court held as such in a recent opinion:
 The defendant's attempt to circumvent the requirements of General Statutes 31-293
by characterizing their claim not as a CT Page 11306 right to reimbursement from the third party tortfeasor, but as a right to reduce their future payments owed to the injured employee. The defendants, however, have no such right against an employee either by statute or common law. (Citation omitted.) Their sole means to assert any right against the plaintiff's third party recovery was by way of the procedure set forth in 31-293. By procedure, any right of the defendants to the plaintiff's third party recovery, including the alleged right to credit that recovery against its future liability, was extinguished.
Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485, 489-90,528 A.2d 826 (1987).
The employer/insurer has a statutorily created right to intervene in an underlying action against a third party tortfeasor. And "[w]hen an employee independently settles his claim with a third party [without the employer/insurer's having assented to it], the employer retains an independent right of action for reimbursement against the third party." Snagg v. Eastmen, supra. Therefore, the motion to strike is granted on the ground that the employer/insurer has no statutory right to sue the employee for apportionment of a settlement to which it did not assent.
So ordered,
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT