[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#146)
The plaintiff, National Mortgage Co., instituted this foreclosure action against the defendants, Alan Temkin and A.T. Properties, Inc. The complaint alleges that the defendants Temkin and A.T. Properties promised by way of a note to pay to Citytrust the principal sum of five hundred thousand dollars with interest. The complaint also alleges that to secure this obligation, the defendants mortgaged to Citytrust parcels of property in Litchfield and Torrington, Connecticut, as well as executed an assignment of leases and a financing statement, all of which were duly recorded in the land records. The plaintiff now owns the note and mortgage by virtue of an endorsement of the note and assignments of the mortgage. The plaintiff claims that the despite demand and maturity, the defendants have neglected and refused to pay the amounts due under the note and it seeks to foreclose the mortgage.
The complaint also names as defendants individuals who may claim interests in the mortgaged properties that are subsequent to the plaintiff's interest. Among these defendants are tenants whose interest arises by virtue of unrecorded leases, including the defendants Terri Morrison, Cindy Jock, Eileen Doyle, Diane Persechino, Daniel Dileo and Denise Dileo. These defendants now move to strike the complaint on the grounds of nonjoinder of a necessary party. The defendants claim that the Secretary of the United States Department of Housing and Urban Development (HUD), Henry G. Cisneros, is a necessary party to this action because of a Housing Assistance Payments Contract entered into between HUD and the defendant-mortgagor Temkin. In support of their motion, the defendants filed a memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion on April 28, 1995. The parties argued this motion at short calendar on May 1, 1995.
At oral argument the defendants objected to the timeliness of the plaintiff's filing of its memorandum of law. Practice Book Sec. 155 requires that an adverse party objecting to a motion to CT Page 5660 strike file a memorandum of law at least five days before the date the motion is considered on the short calendar. Practice Book Sec. 155. This section was amended in 1989 "so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under either section." Southport ManorConvalescent Center v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646
(1990). "Although a timely opposing memorandum is required, the failure to so file it can be waived by the trial court."Fitzpatrick v. East Hartford B.P.O. Elks, 3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark, J.). The court waives the untimely filing and will address the merits of the defendants' motion.
"The motion to strike, Practice Book, 1978, § 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike is the proper means to contest the legal sufficiency of a complaint because of the absence of any necessary party. Practice Book § 152(3). On a motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham,182 Conn. 80, 82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). "In deciding upon a motion to strike. . . a trial court must take the facts to be those alleged in the complaint."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
The moving defendants are lessees of the defendant Temkin under a lease subsidized by HUD whereby they pay rent equal to thirty percent of their family's adjusted income. These defendants claim that the Secretary of HUD is a necessary party because HUD has interest in this cause of action by virtue of a Housing Assistance Payments Contract entered into between the defendant Temkin and HUD. The defendants contend that under the terms of this contract and federal regulations, assistance payments made by HUD on behalf of the tenants are to continue despite this foreclosure. Since HUD has an obligation to continue making subsidy payments even in the event of foreclosure, the defendants claim that HUD is an indispensable party. The defendants also claim that since a final decree foreclosing the defendants' interest in the property would be ineffective to terminate the subsidy contract and HUD's interest, a judgment consistent with equity and good conscience cannot be rendered. CT Page 5661
The plaintiff objects to the defendants' motion on two grounds. First, the plaintiff argues that the defendants' motion should be denied because it is a "speaking" motion in that it imparts facts outside of the pleadings. The plaintiff contends that the facts on which the defendant relies in its motion are not only extraneous, but also disputed. Second, the plaintiff claims that on the merits HUD is not a necessary party to this foreclosure action.
Practice Book § 152 "requires that when a motion to strike on the ground of a necessary party is made, the moving party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence, and must state his interest in the cause of action." Rowe v. Godou,209 Conn. 273, 280 n. 10, 550 A.2d 1073 (1988). "The facts relied upon to attack the complaint on the grounds of nonjoinder of a necessary party must appear in the pleadings." Beacon Hill Condo. v. BeaconFalls, Superior Court, Judicial District of Ansonia/Milford at Milford, No. 03 97 25 (December 21, 1992, McGrath, J.); see also 1 Moller Horton, Connecticut Practice (3d Ed. 1989) Sec. 152, p. 319. When attacking the complaint through a motion to strike on these grounds, the parties cannot rely upon extraneous facts.Hardy v. Scott, 127 Conn. 722, 723, 19 A.2d 420 (1941).
In their motion to strike, the defendants supply the name of the party they claim is necessary to this action, the Secretary of HUD, Henry G. Cisneros, and his address, 451 Seventh Street S.W., Washington, D.C. The defendants also supply information that they claim states this HUD's interest in this foreclosure action. None of the information supplied by the defendants, however, appears in any of the pleadings. Instead, the basis for the defendants' claim that the Secretary of HUD is a necessary party comes from extraneous facts concerning a contract entered into between the defendant Temkin and HUD. In addition, the facts supplied by the defendants are disputed by the plaintiff. Since the defendants' rely exclusively on extraneous facts, their motion is an improper "speaking" motion to strike and, therefore, is denied.
Even considering the facts presented by the defendants, the court cannot conclude that the Secretary of HUD is a necessary party to this foreclosure action. The Connecticut Supreme Court has defined "necessary parties" as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and CT Page 5662 finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it." Biro v. Hill,214 Conn. 1, 5, 570 A.2d 182 (1990). "In short, a party is `necessary' if its presence is absolutely required in order to assure a fair and equitable trial." (Internal quotation marks omitted.) Id., 6.
Proper defendants in a foreclosure action include the owners of the equity of redemption; D. Caron, Connecticut Foreclosures
(2d Ed. 1989) Sec. 4.03; subsequent encumbrancers; Id., Sec. 4.04; general contractors to a subcontractor's lien if the amount owed to the general contractor is a material issue; Jones Destruction, Inc.v. Upjohn, 161 Conn. 191, 198, 286 A.2d 308 (1971); attaching creditors; Capitol Light Supply Co. v. Fiut, 25 Conn. Sup. 516,209 A.2d 686 (1965); and co-mortgagees; Arnold v. Hollister,131 Conn. 34, 37 A.2d 695 (1944). Makers on the note who do not have an interest in the real property may also be made parties to a foreclosure action for purposes of a possible deficiency judgment.Connecticut Foreclosures, supra, Sec. 1.01A, see General Statutes Secs. 49-1 and 49-14. No authority has been found, nor has any been cited by the defendants suggesting that the Secretary of HUD is a proper defendant in a foreclosure action where defendant-tenants are recipients of federal rent subsidies.
Any interest that HUD may have in this action is separable from those of the parties before the court, and the court may proceed to judgment without affecting other persons not presently before the court. See Biro v. Hill, supra, 214 Conn. 5. This action is a foreclosure action where the parties who may have an interest in the mortgaged property have been named in the complaint. None of the facts supplied by the defendants show how HUD has any interest in the property that is the subject of this foreclosure. The contract in question was never recorded on the land records for any of the properties and as such is not an encumbrance of record. The issues of whether the defendant Temkin has in any way breached its contract with HUD or whether the tenants have rights as third-party beneficiaries under that contract should be addressed in a separate action between those parties. These issues are not relevant to this foreclosure action. The Secretary of HUD's presence is not necessary for the court to "proceed to a decree, and do complete and final justice;" (Citation and internal quotation marks omitted.) Biro v. Hill,
supra, 7; and, therefore, he is not a necessary party.
For these reasons, the defendants' motion to strike is denied. CT Page 5663
PICKETT, J.