[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1996
On February 23, 1996, the plaintiff, Caswell Cove Condominium Association, Inc. (association), filed a three-count complaint against the defendant, Milford Partners, Inc. (declarant), on behalf of itself and the unit owners of Caswell Cove Condominium. The plaintiff alleges that the defendant declarant wrongfully withdrew property from the common interest community known as Caswell Cove Condominium and attempted to establish an easement to allow access to the withdrawn property in violation of the Common Interest Ownership Act general statutes § 47-200 et seq. The plaintiff has brought this action to quiet title to the condominium property, and now seeks an order declaring that title to the contested property is in the unit owners of Caswell Cove Condominiums and that said permanent easement is of no force or effect along with money damages for violations of the Connecticut Common Interest Ownership Act (CIOA) and the Connecticut Unfair Trade Practices Act (CUTPA).
On May 21, 1996 the defendant filed a motion to strike the plaintiff's complaint based on the absence of necessary parties, i.e., the unit owners and mortgagees who have an interest in Caswell Cove's units and common elements. In support of this motion the defendant filed a memorandum of law. On June 5, 1996, CT Page 5204-CCC the plaintiff filed a memorandum of law in opposition to the motion to strike. This motion to strike is now before the court.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618A.2d 25 (1992). "In ruling on a motion to strike the court is limited to the facts alleged in the complaint." Id., 215. The court must construe the facts in the complaint most favorably to the plaintiff. Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
A party may file a motion to strike to contest the "legal sufficiency of any complaint . . . because of the absence of any necessary party. Practice Book § 152(3). A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party . . . and must state his interest in the cause of action." Practice Book § 152. The facts relied upon to attack the complaint must appear in the pleadings. Parties cannot rely on extraneous facts. Beacon HillCondominium Assn., Inc. v. Beacon Falls, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. (December 21, 1992) (McGrath J.), citing Hardy v. Scott, 127 Conn. 722, 723,19 A.2d 97 (1941).
The defendants essentially argue that because this controversy may adversely affect substantial interests of the unit owners and mortgagees, it should not be determined without their presence. According to the defendant, if the challenged amendments to the condominium declaration which created over one hundred new units, are found to be invalid such a finding "would cloud title to those units, making them unmarketable and as a result, adversely affect the owners' rights to refinance sell or lease." Defendant's Memorandum, p. 7.
In its opposing memorandum, the association argues that it is authorized to bring actions on matters affecting the common CT Page 5204-DDD interest community in its own name on behalf of itself or two or more unit owners pursuant to General Statutes § 47-244(a)(4). According to the plaintiff, the unit owners are not necessary parties because the association is bringing this action pursuant to General Statutes § 47-244(a)(4), in its own name on behalf of the unit owners and because this action is exclusively related to matters affecting the common interest community. Further, because the declarant relies on facts that are not alleged in the complaint, i.e., the creation of new units by the amendments to the declaration, the plaintiff claims that its motion to strike is an improper speaking motion and must be denied. In addition, the plaintiff claims that the defendant failed to comply with the Practice Book § 152 by not identifying the parties that it claims are necessary to the action. Finally, the plaintiff argues that this action will not affect the title to any units in Caswell Cove or the interest of any of the mortgagees and, therefore, that the defendant's motion should be denied.
"Parties have been characterized as `indispensable' when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience." Sturman v. Socha, 191 Conn. 1,6, 463 A.2d 527 (1983). The Connecticut Supreme Court has defined "necessary parties," however, as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties . . . In short, a party is `necessary' if its presence is absolutely required in order to assure a fair and equitable trial." (Citations omitted; internal quotation marks omitted.) Biro v.Hill, 214 Conn. 1, 5-6, 570 A.2d 182 (1990), citing Sturman v.Socha, 191 Conn. 1, 6-7.
Pursuant to General Statutes § 47-244(a)(4), a condominium association may: "Institute, defend or intervene in litigation or administrative proceedings in its own name onbehalf of itself or two or more unit owners on matters affecting the common interest community." (Emphasis added.). "The alleged CT Page 5204-EEE wrongful withdrawal of Caswell Cove property and the alleged wrongful creation of an easement are, by definition, matters affecting the common interest community." Caswell CoveCondominium Assn. v. Milford Partners, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 053458 (May 9, 1996) (Curran, J.). Therefore, the court believes that the association was authorized pursuant to § 47-244(a)(4) to initiate the present action in its own name on behalf of the unit owners.
Furthermore, the defendant has failed to cite any authority, and a search of the relevant statutes and case law has revealed none, requiring a condominium association to join unit owners as parties to an action involving matters affecting the common interest community where the association has initiated the action on behalf of the unit owners. Because General Statutes § 47-244(a)(4) authorizes the condominium association to institute a cause of action in its own name on behalf of two or more unit owners and does not require the association to join the unit owners as parties to the action, it is apparent that the unit owners are not necessary parties to the present cause of action. The interest of the unit owners, both those in favor of the declarant's action and those opposed, are "already adequately represented by existing parties." Cardwell v. AdministrativeRelief Board, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 311064 (January 31, 1986) (Corrigan, J., 1 CSCR 123). Accordingly, the defendant's motion to strike on the ground of nonjoinder of a necessary party should be denied. See Papa v. Thimble Creek Condominium Assn., Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 328260, 13 CONN.L.RPTR. 98 (November 28, 1991) (Licari, J.) ("Under the Common Interest Ownership Act (CIOA), the plaintiff need not name individual unit owners of a common interest ownership property when suing the association").
With regard to the mortgage holders, "their interest is derivative and they stand in the shoes of the condominium owners . . . In no real sense can this court conclude that the . . . violations alleged by the plaintiff impact on the interests of the unnamed mortgagees. Their interest is not significant or directly affected by the outcome of this case . . . This court cannot and does not conclude that they are conjoined necessary parties." Papa v. Thimble Creek CondominiumAssociation, Inc., supra, 13 CONN.L.RPTR. 99. Therefore, the court concludes that the interest of the mortgagees in the CT Page 5204-FFF present case is derivative of the unit owners and, therefore, that the mortgagees, as well as the unit owners, are not necessary parties. Accordingly, the defendant's motion to strike is denied.
SKOLNICK, J.