[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFFS MOTION FOR SUMMARY JUDGMENT (NO. 108)
The plaintiff, Cadle Company, has instituted this action to foreclose a judgment lien on certain real property located at 273 Pendelton Hill Road, North Stonington, CT. Said judgment lien was filed on May 21, 1996, pursuant to a judgment entered against the defendant, Brian Cooper, on June 11, 1991.
The defendant was a beneficiary of the aforementioned property by virtue of his having been left a forty percent share of the premises by his mother, Betty J. Cooper, in her "Last Will and Testament." Betty J. Cooper died on December 14, 1992. A certificate of her devise was not filed, however, until February 25, 1998.
On October 19, 1998, the plaintiff filed a motion for summary CT Page 2628 judgment as to the defendants liability. The plaintiff also filed a memorandum of law in support. On November 30, 1998, the defendant filed an objection to the plaintiffs motion for summary judgment along with a supporting memorandum of law.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49], provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994)
The plaintiff argues that the subject property may be attached because the defendant had a sufficient interest in the property at the time its judgment lien was filed.
In opposition, the defendant argues that a creditors judgment lien against a distributees share in real estate cannot attach until final distribution is ordered by the Probate Court.
Under Connecticut law title to real property passes upon death to the heirs of the owner subject to the rights of administration. See City National Bank v. Bridgeport,109 Conn. 529, 538, 147 A. 181 (1929). When said property is specifically devised, "there [goes] with [the devise] the right to the immediate possession of the property. General Statutes, § 362 [now § 5027]; Merwin v. Morris, 71 Conn. 555, 573,42 A. 855." Hewitt v. Sanborn, 103 Conn. 352, 373, 130 A. 472 (1925). Moreover, title to property is not delayed by the failure to file a certificate of devise. "A certificate of devise is not a muniment of title; it is merely a pointer to guide an examiner of the land records to an estate in probate through which title is derived, and the inclusion of [certain property] in a distribution would not strengthen the title thereto. As a convenience, lands specifically devised are often included in a distribution of all of the realty of an estate, but it is not an operative act of the Court of Probate; the title to the landflows from the will containing the devise." (Emphasis added.)Hewitt v. Sanborn, supra, 103 Conn. 374.
In the present case, therefore, the defendant obtained title to the subject property and the right of possession approximately four years prior to the filing of the judgment lien. Accordingly, this court finds that the plaintiff had sufficient interest in CT Page 2629 the property to permit foreclosure. Next, the court must determine whether the plaintiffs attachment of said property is proper prior to an order of distribution by the Probate Court.
"A distribution is only the separation and division of that to which the distributees are already entitled by virtue of a will. . . . It relates back to the date of the death of the testator and disregards equities arising after death." Brownellv. Union New Haven Trust Co., 143 Conn. 662, 671, 124 A.2d 901
(1956). "It is settled law in Connecticut that a Probate Court can order distribution only to the persons entitled thereto by Will or by the laws of intestate succession." Brownell v. Union New Haven Trust Co., supra, 143 Conn. 662. Consequently, "[t]itle to [real property] vests at once in the heirs subject only to such rights as might arise out of the need to come upon them to satisfy debts and expenses of administration, and distribution [is] not necessary to confer title." (Emphasis added; internal quotation marks omitted.) Hardy v. Scott, 127 Conn. 722, 723,19 A.2d 420 (1941). Further, "[t]he vesting of the plaintiffs title, together with the right of possession, [is] not in suspension during the settlement of the estate of the testator, nor delayed by the fact that the property might be wanted for the payment of debts. . . ." (Internal quotation marks omitted.) Hewitt v.Sanborn, supra, 103 Conn. 373.
In the present case, a pre-determined percentage of the subject property was specifically devised to the defendant in the decedents will. As previously noted, the vesting of title is not suspended merely because the "property might be wanted for the payment of debts." Hewitt v. Sanborn, supra, 103 Conn. 373. Moreover, the defendant submits no evidence which indicates that six years after the decedents death, there are debts of the estate yet to be satisfied.
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994) "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence."2830 Whitney Avenue Corp. v. Heritage Canal Development Associates, Inc.,33 Conn. 563, 567, 636 A.2d 1377 (1994).
In the absence of evidence to the contrary, this court finds CT Page 2630 no reason to deviate from the general rule of attachment, which provides that, "the lien of a judgment against an heir or devisee attaches, after the death of his ancestor, to the interest of the heir in real estate." 46 Am.Jur.2d 696, Judgments § 384 (1994).
Accordingly, this court finds that attachment of the subject property is proper. The plaintiffs motion for summary judgment is granted.
Martin, J.