[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #101
 FACTS
On July 27, 2001, the plaintiffs, Edward and Diane Paulson, filed a complaint against Edward Blake d/b/a Blake Builders. The complaint contains one count alleging the breach of a home improvement contract, non-compliance with the provisions of General Statutes § 20-429 et seq.,[1] as well as CUTPA violations as a result of such non-compliance. On August 9, 2001, the defendant filed a motion to strike the complaint pursuant to Practice Book §§ 11-3[2] and 10-39 (a) (3).[3] The defendant raises misjoinder and absence of a necessary party as grounds for the motion, arguing that "Edward Blake d/b/a Blake Builders" is not a proper party to the suit. The plaintiff filed an objection to the motion on September 6, 2001, arguing that the defendant was not misjoined.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[W]e must take as true the facts alleged in the CT Page 300 plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "A motion to strike on the ground of the nonjoinder of a necessary party . . . must give the name and residence of the missing party . . . or such information as the moving party has as to the identity and residence of the missing party and must state the missing party's . . . interest in the cause of action." Practice Book § 10-39(b).
The defendant argues that the plaintiffs have filed their claim against the wrong party, because the home improvement contract which serves as the basis of the claim was between the plaintiffs and "Blake Builders, LLC," not "Edward Blake d/b/a Blake Builders." The defendant has attached to its memorandum a supporting affidavit, and a copy of the home improvement contract, in an attempt to prove that the contract was with "Blake Builders, LLC." Because the defendant's ground for the motion is dependent upon facts not alleged in the plaintiff's pleadings, the court would have to examine the defendant's evidence to determine that the defendant has been misjoined. However, "[t]he trial court may not seek beyond the complaint for facts not alleged. . . ." Cavallo v. DerbySavings Bank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982). "Extraneous facts may exist which would disclose a deficiency of necessary parties but these could not be taken advantage of by [a motion to strike]." Hardyv. Scott, 127 Conn. 722, 723, 19 A.2d 420 (1941).
Furthermore, the plaintiffs argue in their memorandum in opposition that the allegations sufficiently state that they were doing business with "Edward Blake d/b/a Blake Builders," and that they intend to prove that "Edward Blake d/b/a Blake Builders" is liable as a sole proprietor. In short, there is a dispute between the parties regarding an issue of fact. "[N]o speaking motion to strike will be permitted to raise a nonjoinder claim if it necessarily also involves the resolution of disputed issues of fact." (Internal quotation marks omitted.) WNN Corp.v. Lewis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 141529 (July 3, 1995, Karazin, J.). Accordingly, the defendant must await the evidence which may be adduced at trial.Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348.[4]
 CONCLUSION
CT Page 301
For the foregoing reasons, the defendant's motion to strike is denied.
BY THE COURT,
ELIZABETH GALLAGHER, JUDGE